# GERTRUDE K. SPENCER

### v.

# EDWIN R. BOARDMAN et al.

*Filed at Ottawa November 13, 1886.*

1. EVIDENCE—*parol evidence, to prove contents of a written contract.* Where there was evidence tending to show that a written ante-nuptial contract was in the possession of the wife, in a contest affecting her right to dower, etc., and she failed to produce it, on notice, and gave no reason for its non-production, it was *held,* that parol evidence of the contents of the instrument was admissible.

2. SAME—*of evidence admissible in such case—as, the testimony of the attorney who drew the contract, in the absence of the person sought to be affected by it.* To show an ante-nuptial contract between a husband and wife, an attorney was allowed to testify to the fact of his having drawn such a contract for the husband shortly before his marriage, and that the latter took it away unexecuted, the intended wife not being present. There was other proof of the existence of such a contract, and of its execution by the wife just before her marriage, and the evidence tended to show the original was in her custody. It was objected that the attorney could not testify to a transaction with the husband alone, in her absence, and that such transaction should not affect the wife: *Held,* that in view of the other evidence, the attorney's testimony was properly received.

3. WITNESS—*competency—of a party to the suit, concerning matters transpiring before the death of another, as against the heirs of the latter.* A witness was called in a case in which a widow was seeking dower in her late husband's lands, who testified to a transaction between the witness, the wife and the husband, and what was then said about an ante-nuptial contract between the latter two, the witness being called upon to draw a note and mortgage from the husband to the wife, to secure her in her post-nuptial rights. The widow offered to testify in her own behalf, as to what occurred between her and her husband and such witness, on the ground the witness was an agent of her deceased husband: *Held,* that she was not competent to testify to matters stated by such witness, as he was not an agent of the husband.

4. ADMINISTRATOR'S SALE OF LAND *to pay debts—of the pleadings in the proceeding—whether a cross-petition required.* On petition by an administrator for an order to sell real estate to pay debts, in which proceeding the widow's right to a specific allowance and dower is contested by the heirs, the court may properly find against the claims of the widow, under the petition and answers, without the filing of a cross-petition, and the court may

also require her to apply upon a note held by her on the estate, property improperly taken by her under the assumption she was entitled to an award.

5. ANTE-NUPTIAL CONTRACT—*as a bar to widow's dower and award.* A widow's dower may be barred by an ante-nuptial contract, and where there are no children of the marriage, the widow's award may in like manner be barred.

6. COUNTY COURT—*of its equitable jurisdiction—awarding restraining order.* Where a widow, having a note of her deceased husband, not yet due, given in lieu of the rights that would have accrued to her by the marriage, takes property without lawful right, to apply on what is called the widow's award, and she claims dower in the lands sought to be sold to pay debts, the county court, under the somewhat of equitable jurisdiction which has been accorded to it in the settlement of estates, will have the power to direct that she credit the sum received by her, as being part of her award, upon her note, and restrain her from negotiating the note without such credit having been entered thereon.

APPEAL from the Circuit Court of Stark county; the Hon. T. M. SHAW, Judge, presiding.

Messrs. McKENZIE & CALKINS, and Mr. A. P. MILLER, for the appellant:

What was said and done by North and the deceased, out of the presence and hearing of appellant, could not be allowed in evidence against her objection.

Proof of the loss or destruction of a written instrument must be conclusively shown before secondary evidence of its contents can be received. *Mariner* v. *Saunders,* 5 Gilm. 113; *Lundberg* v. *Markenhauser,* 4 Bradw. 603; *Moore* v. *Wright,* 90 Ill. 470; *Rankin* v. *Crowe,* 19 id. 626; *Cooke* v. *Hunt,* 24 id. 535; *Williams* v. *Case,* 79 id. 356; *Wing* v. *Sherrer,* 77 id. 200; *Railway Co.* v. *Ingersoll,* 65 id. 399; *Rhode* v. *McLean,* 101 id. 467.

Bogart was Spencer's agent to draw deeds and to draw a mortgage. He testified to pretended conversations with appellant, when he was drawing such papers. She was a competent witness to give her version of such conversations. Rev. Stat. chap. 57, sec. 2; *Joaquin* v. *Davidson,* 49 Ill. 82; *Marshall* v. *Karl,* 60 id. 208.

The order of the county court granted relief beyond what was prayed for, and beyond its jurisdiction.

A reasonable provision in an ante-nuptial contract, if so intended, will bar dower. *McMahill* v. *McMahill,* 105 Ill. 596; *Jordan* v. *Clark,* 81 id. 465; *Phelps* v. *Phelps,* 72 id. 545; *McGee* v. *McGee,* 91 id. 548. But homestead can not be barred by such contract. *McGee* v. *McGee,* 91 Ill. 548.

Mr. M. SHALLENBERGER, and Mr. C. C. WILSON, for the appellees.

Mr. JAMES H. MILLER, for the appellee Boardman.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a cause originating in the county court of Stark county, on petition of Edwin R. Boardman, administrator of the estate of Isaac P. Spencer, deceased, to sell real estate to pay debts. Gertrude K. Spencer was the widow. The amount of the widow's award was $1500, and she had received in property, at its appraised value, $1330.75 of that award. The petition set out facts showing a deficiency of personal property to pay debts, of about $10,000. It prayed the setting apart of the widow's dower and homestead, and the sale of the residue of the real estate to pay said deficiency. The heirs came in, and set up, by answer, that the widow was not entitled to homestead or dower, or widow's award, by reason of an ante-nuptial contract entered into by her. The county court, upon trial, found that the widow was entitled to homestead, but not to dower or widow's award, and ordered a sale. From the order of the county court, Gertrude K. Spencer, the widow, appealed to the circuit court, and in that court filed her answer, by leave of court, whereby she admitted the necessity of the sale to pay debts, admitted that she was entitled to dower and homestead, and requested that her dower interest be sold, and that a gross sum be allowed to her in lieu

thereof. The circuit court affirmed, substantially, the order of the county court, and from the judgment of the circuit court the widow appeals to this court.

No ante-nuptial contract was produced, and the question first to be considered is, whether one was made, as alleged.

Isaac P. Spencer, deceased, at the time of his marriage to appellant, in July, 1876, was a widower, sixty-four years of age, having children by his former marriage, who were all of age. Mr. North, an attorney, testifies, that a week or ten days before this second marriage, Mr. Spencer came to him, informed him that he was about to contract a second marriage, and wished him to draw up an ante-nuptial contract. Mr. North did so, in accordance with directions from Spencer, and handed the writing to the latter, which he took away without signing. Mr. North testifies distinctly to the contents of this writing; that by it Spencer and his intended wife mutually agreed to join in any conveyances that might be necessary to convey the real estate of either of them, and she agreed to accept $2000 in lieu of any dower interest in his property which he had or might acquire, and in lieu of her homestead rights and widow's award; that the $2000 was to be paid within one year after his death; that Spencer agreed to waive and release any claim or right in her property which might result from the marriage. The witness Boardman, the administrator, testifies, that in a conversation with appellant he told her the heirs claimed there was such a marriage contract as that above stated, and she said she did sign a paper; that she signed it just as she was going on the floor to be married; that she didn't read the paper, didn't know what was in it, and that it had been destroyed by mutual consent. Mr. Bogart, a notary public, testified, that in January, 1881, he drew up, at the request of Mr. Spencer and his wife, a note and mortgage for $3000, running from the former to the latter, due in six years after date,—the mortgage securing the payment of the note on real estate; that the consideration of the note

and mortgage was fully stated by Mr. and Mrs. Spencer to him; that it was stated an ante-nuptial contract had been executed between them, whereby Mrs. Spencer was to receive $2000 within a year after her husband's death, and that this $2000 was to be in lieu of all her widow's rights in the estate of her husband; that the note and mortgage were given to secure the payment of this $2000, and $1000 additional. The witness states that he asked for the contract, in order to draw the mortgage, and Mrs. Spencer said it was with her attorney, where she used to reside,—that she didn't want to keep it in the house.

Objection is taken to the admission of Mr. North's testimony, as being to a transaction with Spencer alone, in the absence of appellant, and should not affect her. In connection with the subsequent testimony which appears, we regard it as admissible. We do not feel prepared to say that the court below was not warranted in finding, from the evidence, that the ante-nuptial contract was made as alleged, and that it was still in force. The evidence tending to show the contract was in the possession of appellant, parol evidence of its contents was properly admitted, it being stipulated that notice was given to produce the contract; and besides, the answer of the heirs apprised appellant that the contract was relied upon in resistance of her claim, and that evidence of it would be given.

There is objection to the exclusion of testimony of appellant, which was offered, as to what occurred between her husband, Mr. Bogart, and herself, concerning the execution of the $3000 mortgage, and what was said about the antenuptial contract, on the ground that Bogart was an agent of Mr. Spencer, and that she, under the statute, might testify to the same conversation or transaction of the deceased that his agent testified to. Bogart was not the agent of the deceased. He was but a scrivener employed by the deceased to draw the mortgage and take its acknowledgment.

The point is made, that the court improperly granted the relief it did, upon answer,—that there should have been a cross-petition filed. We perceive no error in this regard. The question presented, under the petition and answers, was the amount of the indebtedness, and how much real estate was required to be sold,—the widow making claim she should be paid a sum in gross for dower,—and there was substantially but a determination of that question. The order finds that the widow was not entitled to award; that she wrongfully received the $1330.75, part thereof, and that that amount should be applied toward the payment of appellant's $3000 note and mortgage, and she was restrained by the order from transferring the note, so as to prevent the $1330.75 being applied as a credit.

It is urged that the widow's award was wrongfully taken away. As respects dower, this court has, in a number of cases, decided that it will be barred by such an ante-nuptial contract. *Phelps* v. *Phelps*, 72 Ill. 545; *Jordan* v. *Clark*, 81 id. 465; *McGee* v. *McGee*, 91 id. 548; *McMahill* v. *McMahill*, 105 id. 596. And in *McMahill* v. *McMahill* we held that the widow's award was equally waived and barred by such an ante-nuptial contract. There were here no children of the second marriage. Under the authority of the case last cited, the order was correct in declaring the widow's award to be waived and barred by the ante-nuptial contract.

It is said the order granted relief beyond the power of the court, in its restraining part. The order, in this respect, was no more than was necessary to make effective the adjudication which had been made, that the $1330.75 should be applied as a credit upon the note. Somewhat of equitable jurisdiction we have held the county court to possess in the making of settlement of the estates of decedents, and we regard this restraining order as well enough made in this case.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*