## MARY HEPPE, Exrx. *et al.*

*v.*

## ROSALIA SZCZEPANSKI *et al.*

*Opinion filed April 20, 1904.*

1. COURTS—*county court exercises equitable powers in the settlement of estates.* In adjusting the accounts of executors, administrators and guardians the county court has equitable jurisdiction and may adopt equitable forms of procedure.

2. SAME—*when county court may set aside order at a subsequent term.* The county court has jurisdiction, at a subsequent term, to set aside an order discharging an executor and approving his report, which recites a release of the widow's award, where such release was obtained by fraud, accident or mistake.

3. SAME—*when order is void as to minors.* An order entered at a subsequent term setting aside an order discharging the executor and releasing the widow's award is void as to minor heirs, in so far as it revives the claim of the widow and directs the sale of the minors' interest in the land, where the only showing of notice to the minors, necessary to jurisdiction of their person, is a recital in the order that they appeared by a guardian *ad litem,* the appointment of whom is nowhere shown by the record.

4. JUDICIAL SALES—*minor heirs must be made parties to a petition to sell land.* Minor heirs must be made parties to a petition by an executor to sell land to pay debts, and must be served with summons.

5. SAME—*what is not proper service of summons on minor heirs.* Service of summons, in a proceeding by an executor to sell real estate to pay the widow's award, upon minor heirs by leaving a copy for them with the widow and informing her of its contents is void, where the widow is the real, though not the nominal, petitioner, and is acting adversely to the interests of the heirs.

6. SALES—*when purchaser of note and trust deed is charged with notice.* A purchaser of a note and trust deed is chargeable with notice of their illegal and fraudulent character, where enough matters are upon record to put him upon an inquiry which could not have failed to disclose the true facts.

7. PARTITION—*rule where improvements are made by one co-tenant without knowledge of others.* Compensation allowed for improvements made by one tenant in common without knowledge of the others, should be estimated so as to inflict no injury upon the co-tenant against whom the improvements are charged.

APPEAL from the Circuit Court of Cook county; the Hon. L. HONORE, Judge, presiding.

This is a bill, filed in the circuit court of Cook county on June 19, 1899, by the appellees against the appellants, and other parties herein named, for partition, and for the removal of certain deeds and trust deeds as clouds upon the title of the appellees. Answers were filed to the bill, and a reference was taken to a master in chancery, who took testimony, and reported the same, and his conclusions. A final decree was rendered substantially in accordance with the prayer of the bill, and for partition, and appointing commissioners to make the same. The present appeal is prosecuted from such decree.

The facts are substantially as follows: On January 10, 1895, Frank Szczepanski died testate, owning lot 33 in block 3 in Sherman's addition to Holstein in Cook county—being the property here sought to be partitioned —and left him surviving his widow, Katharina Szczepanski, and four children, to-wit, Martha Szczepanski, Stanislava Szczepanski, Rosalia Szczepanski and Marianna Szczepanski. Said testator, by the terms of his will, gave to his wife and four children said property in equal shares. His will was probated in the probate court of Cook county on February 8, 1895. Joseph Kucharski was executor of the will, letters testamentary having been issued to him on February 8, 1895. On March 5, 1895, an inventory was filed and approved, which showed the property in question; and, on the same day, an appraisement of personal property, amounting to $408.52, and a widow's award of $1330.00 were approved in said probate court. Proof of heirship was made in the estate, and on March 5, 1897, the executor filed his final report dated March 2, 1897, which was approved on March 30, 1897, and therein recites that the personal property, which was appraised at $408.52 on March 11, 1895, was turned over to the widow to be applied on her award. Katharina Szczepanski, widow of Frank Szczepanski, married one Witt Obecny after the death of her husband, Frank Szczepanski. The probate court on March 30, 1897,

ordered that such final report should stand as a final account, and that the executor should be discharged. After the death of Frank Szczepanski the widow and children lived on the premises as a homestead, and at the time of the final decree herein were occupying the same as a homestead. After the death of their father, Martha Szczepanski and Stanislava Szczepanski died, leaving their mother and the appellees herein their heirs-at-law.

On June 10, 1897, Katharina Obecny applied to Theodore H. Schintz for a loan upon the premises in question for the purpose of improving the same. Schintz asked her if she could get a man, in whom they could place confidence, and said that, if she could, he would fix matters and make the loan, whereupon she requested her brother, Kazmierz Kluczynski, to help her out, and took him down to Schintz's office. On that day, June 10, 1897, Schintz having previously prepared a note for $4000.00, and a trust deed to himself, as trustee, to secure the same, Kluczynski signed said note and trust deed; the note being due five years after date with interest at six per cent per annum, secured by ten semi-annual interest notes and the trust deed conveying the premises above described. This note for $4000.00 and the trust deed to Schintz, as trustee, were without any consideration when executed, Kluczynski having received no money for the execution thereof. The trust deed was recorded on the next day, June 11, 1897.

On June 11, 1897, Katharina Obecny filed in said probate court her petition, by Schintz and his partner as attorneys, asking that the order of March 30, 1897, declaring the estate settled, be vacated, and that she have leave to withdraw her receipt for the balance of her widow's award, and that an order might be entered, directing the executor to sell the real estate to pay such widow's award. Thereupon, on June 21, 1897, the probate court entered an order, reciting therein that Katharina Obecny, formerly Katharina Szczepanski, widow

of the deceased Frank Szczepanski, came by Schintz and
another, her solicitors, and presented her petition, ask-
ing' for leave to withdraw her receipt for the balance of
her widow's award, due her as widow of said deceased,
the said receipt having been signed by her by mistake,
and also came Joseph Kucharski, the executor, by his
solicitors, and also came Rosalia Szczepanski and Mari-
anna Szczepanski, minor heirs of said deceased, by their
guardian *ad litem,* and that it appeared to the court from
evidence introduced, that said widow signed said receipt
by mistake, and that she was not in fact paid to exceed
the sum of $400.00, and the court being fully advised in
the premises, ordered that the said widow have leave to
withdraw the receipt for the balance due her on said
widow's award, the same having been signed by her by
mistake, and that Joseph Kucharski, executor of the last
will, etc., proceed to sell the real estate of said deceased
to pay such balance, after presenting to the court a just
and true account of the personal estate and debts of said
deceased, as required by statute.

Subsequently, on September 7, 1897, the executor filed
in the probate court a petition, setting up all the pro-
ceedings theretofore taken, as herein before detailed;
that said Rosalia and Marianna are both unmarried, and
are minors having no guardian residing in Illinois; that
the only persons interested in the estate, as legatees or
devisees, are the widow and children above named; that
the testator died, owning the property above mentioned,
which at the time of his death was in the possession and
occupation of his widow and her family; and that no per-
sons other than those above named held liens against
the estate, or any part thereof; and praying that Kath-
arina Obecny and Witt Obecny and Rosalia and Mari-
anna Szczepanski may be made defendants and summons
issued as to them, and a guardian *ad litem* be appointed
for them, and upon a final hearing that a decree may be
entered for the sale of the property described in the peti-

tion. The summons issued upon the petition for the sale of the real estate to pay the balance of $921.48, due the widow upon her award, was not served personally upon the appellees, who are minors, but was served upon them by leaving a copy with their mother, Katharina Obecny, a member of the family of the age of ten years and upwards, and informing her of the contents thereof, on the 9th day of September, 1897. Thereafter, on October 8, 1897, a decree was entered by the probate court ordering a sale of the property. The decree recites that the petition for sale was taken as confessed by the widow and her husband, and that the appellees were served with process. The decree appointed a guardian *ad litem* for the minors, and sets forth the entry of the order of March 30, 1897, and the filing of the petition on June 11, 1897, for the vacation of said order, and also finds that the personal estate was insufficient to pay the claims allowed, and that the deficiency amounts to $921.48, besides expenses of administration; and the decree thereupon ordered that said real estate should be sold for cash at the judicial salesroom of the Chicago Real Estate Board, No. 57 Dearborn street in Chicago, "subject to the dower and homestead rights of the widow of said deceased," and that said petitioner make report of his proceedings. The notice of the sale, dated October 14, 1897, as published and posted, announced that all the right, title and interest of Frank Szczepanski, deceased, in the property in question would be sold for cash on November 12, 1897, and stated that the lot was improved by a one-story cottage, and subject to the dower and homestead rights of the widow of said deceased; and also that said premises were unencumbered, and that no deed would be delivered until the sale had been reported to and approved by the probate court. On November 12, 1897, the executor, Joseph Kucharski, reported that he had sold the premises for $1100.00 to Kazmierz Kluczynski, and that the same were struck off to him, he being the highest and

best bidder therefor, which report of sale and the sale were confirmed in open court on November 16, 1897.

Afterwards, on November 18, 1897, the executor exe-cuted a deed of the premises to said Kluczynski, which deed was recorded on November 18, 1897; and on the same day, November 18, 1897, Kluczynski and wife con-veyed the premises, for an expressed consideration of $6000.00, to Katharina Obecny, who was the sister of said Kluczynski. On November 20, 1897, Witt and Katharina Obecny executed a trust deed to Frederick H. Winston, trustee, to secure the sum of $2000.00 with interest, of which note and trust deed the F. J. Dewes Brewery Com-pany is the owner. The note for $4000.00, dated June 10, 1897, and payable five years after date, and secured by the trust deed on these premises to Schintz, is owned by the appellant, Mary Heppe, executrix of the last will of George Heppe, deceased, and Elizabeth Heppe, Emma Heppe, William Heppe and Mary Heppe. The trust deed, given to Schintz, was for the purpose of securing a loan for the building of improvements on said premises, the estimated cost of which was fixed by Schintz at $5000.00; but the trust deed being for only $4000.00, Katharina Obecny or her husband, or both of them, deposited $1000.00 with Schintz. Schintz paid out $2936.62 towards the construction of the new building on the premises, of which about $1000.00 was the cash deposited by Katha-rina Obecny and her husband. The amount, due on the note and trust deed to Schintz, is the sum of $1936.62. At the time Schintz made the loan the premises were improved by a small brick cottage, which had a store and two rooms, and since making the loan the prem-ises have been improved by a three-story brick building, in which Katharina Obecny occupies one flat and three rooms and the store, and keeps and boards the children, and has a homestead therein, and collects the rents from the balance of the premises. On January 7, 1899, Kath-arina Obecny and Witt Obecny conveyed the premises to

Joseph Kucharski, subject to an indebtedness of $5100.00. No homestead right was ever set off in said proceeding.

The final decree of the court entered on December 16, 1903, finds the facts in regard to the death of the testator, and the interests of his devisees, as they have been above stated; and also finds the facts in regard to the filing of the petition on June 21, 1897, and the petition for the sale of the premises, and the decree of sale entered on October 8, 1897, and the report of the executor, that he had made such sale and sold the premises to Kazmierz Kluczynski for $1100.00 and the confirmation of the sale on November 16, 1897, and the delivery of an executor's deed to the purchaser. The decree further finds "that the purchaser at said sale never attended the same and knew nothing about it and that nothing was paid for the deed, and that no consideration passed therefor; that on November 18, 1897, the purchaser at such sale conveyed said premises to Katharina Obecny for the pretended consideration of $6000.00, and that no money passed and none was intended to pass;" that on November 20, 1897, Witt and Katharina Obecny executed the trust deed above named to Winston, as trustee, to secure $2000.00, and that the notes for $2000.00 are owned by the F. J. Dewes Brewery Company. The decree further recites the execution of the trust deed and note for $4000.00 to Schintz, as trustee, and that said note is owned by Mary Heppe and the other appellants above named. The decree further finds "that the trust deed last aforesaid is no lien whatsoever upon the property in question; that the probate court of Cook county was without jurisdiction to vacate said final order, declaring said estate settled and discharging the executor, and order the sale of said real estate to pay said widow's award, after the lapse of two terms of said probate court from the day said final order was entered discharging the executor; that the proceedings in said probate court, and the pretended sale of said premises by the executor

are absolutely void and of no force or effect whatsoever; that the complainants are each the owners in fee simple of an undivided six-twentieths of said premises, free and clear of the lien of each and all of said trust deeds, hereinbefore found to have been executed; that Katharina Obecny is the owner in fee simple of the remaining eight-twentieths part of the said premises, subject only to the trust deed to Frederick S. Winston, as trustee, given to secure the note of $2000.00 aforesaid."

The court thereupon entered a decree in accordance with the findings aforesaid, and directed that partition be made, and appointed commissioners for that purpose. The defendants below Kazmierz Kluczynski, and Katharina Obecny, Witt Obecny, Joseph Kucharski, Theodore H. Schintz, trustee, and Chicago Title and Trust Company, successor in trust, were defaulted, and order *pro confesso* was entered against them.

ALBERT H. MEADS, for appellants.

ARNOLD TRIPP, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

By the death of the testator, Frank Szczepanski, on January 10, 1895, his widow and four daughters became, as devisees by the terms of his will, the owners each of an undivided one-fifth interest in the lot, described in the bill herein, and sought to be partitioned. By the subsequent death of two of the children, who were minors, the appellees, the two surviving children, also minors, became the owners each of an undivided six-twentieths of the premises in question, and the widow, Katharina Obecny, then the wife of Witt Obecny (formerly Katharina Szczepanski,) became the owner of an undivided eight-twentieths of said lot. Therefore, the widow, Katharina Obecny, and the appellees, Rosalia Szczepanski and Marianna Szczepanski, minors, were

tenants in common, owning the respective undivided interests above named at the time of the transactions hereinafter named.

No claims whatever appear to have been filed by creditors against the estate of the deceased testator, Frank Szczepanski. The widow's award was fixed by the appraisers at $1330.00, and the whole amount of the personal property was appraised at $408.52. After the personal property, amounting to $408.52, was applied upon the widow's award, there remained a deficiency of $921.48. In March, 1897, the executor made his final report; and attached to the report was a receipt by the widow for the $408.52 to be applied on her award of $1330.00, and also attached to such final report was a release by the widow of the balance of her award, to-wit, $921.48. As a part of the receipt and release, so attached to the executor's final report, the widow assented that such report be accepted as a final report, and that the executor, Joseph Kucharski, be discharged from all further duties as the executor of the last will of her deceased husband. Accordingly, on March 30, 1897, an order was entered by the court, by the terms of which such final report was accepted, and the executor was discharged. It appears from such portions of the record of the probate court in the estate of the deceased testator, as were introduced in evidence, that on March 5, 1897, a written notice to the appellees, being then minors, was drawn by the attorneys of the executor, to the effect that he had filed his final report, and would, on March 19, ask to have the executor discharged from further service, and the report confirmed. This notice was served by leaving copies with Rosalia and Marianna Szczepanski, the appellees herein, on March 9, 1897. Section 112 of the act in regard to the administration of estates provides "that no final settlement shall be made and approved by the court, unless the heirs of the decedent have been notified thereof, in such manner as the

court may direct." (1 Starr & Curt. Ann. Stat.—2d ed. —pp. 336, 337.) It does not appear here, that this service of notice upon the minor devisees in person was a service "in such manner as the court may direct," it not being shown that the court made any direction upon the subject. But it is immaterial whether the appellee minors were properly served with notice of the filing of the final report, and the discharge of the executor or not, because the final order of March 30, 1897, was favorable to the minors, in that thereby the unpaid portion of the widow's award, to-wit, $921.48, which was a claim against the estate, was released at the same time when the executor was discharged. The estate of the minors was thereby relieved from liability for said portion of the widow's award so released.

Subsequently, however, on June 11, 1897, a petition was filed by the widow, who had then become the wife of Witt Obecny, and who was a tenant in common in the ownership of the premises with the minor appellees, to set aside the order, discharging the executor, and releasing the balance of the widow's award remaining after applying the amount of the personal property thereon. Afterwards and in pursuance of this petition, an order was entered by the probate court on June 21, 1897, vacating the order of March 30, 1897, discharging the executor, and in such order of vacation it was recited that the widow should have leave to withdraw her receipt for the balance of the widow's award upon the ground that the same had been signed by her by mistake, and it was therein ordered that the executor proceed to sell the real estate of the deceased to pay such balance, after presenting to the court a just and true account of the personal estate, and debts of the deceased, as required by statute.

*First*—It is contended on the part of appellees, and it was found by the court below in its decree, that the order of June 21, 1897, vacating the previous order of

March 30, 1897, was void as having been made at a term subsequent to that, at which the vacated order was entered. After the order of March 30, 1897, was entered, two terms had passed before the order of June 21, 1897, was entered, which set aside the previous order discharging the executor.

We are unable to agree with the court below in the view, that the court was without jurisdiction to enter the order on June 21, 1879, for the reason that it was made at a subsequent term to the order of March 30, 1897. Undoubtedly, the general rule is that, after a term has passed, a court has no authority or discretion at a subsequent term to set aside a judgment or to amend it, except in matters of form, and for the purpose of correcting clerical errors. (*Ayer* v. *City of Chicago*, 149 Ill. 262, and cases referred to on p. 266). It has been held by this court in a number of cases, that the county court or probate court in the settlement of estates is vested with equitable as well as legal powers; and that, in the adjustment of accounts of executors, administrators and guardians, the county court has equitable jurisdiction and may adopt equitable forms of procedure. (*Millard* v. *Harris*, 119 Ill. 185, and cases on p. 198; *Spencer* v. *Boardman*, 118 id. 553; *Shepard* v. *Speer*, 140 id. 238). In the latter case of *Shepard* v. *Speer*, it was said, the probate court, when adjudicating upon matters pertaining to the settlement of estates, is clothed with authority to exercise equitable powers like a court of equity. A court of equity would certainly have power to set aside such an order as that of March 30, 1897, if the entry of the latter order had been procured by fraud, or was due in any way to accident or mistake. Fraud, accident and mistake are well established grounds of equity jurisdiction. The order of June 21, 1897, entered by the probate court, setting aside the previous order, recites that the receipt and release executed by the widow, giving up the balance that was due to her upon her award, were so executed by mis-

take. The order recites that it appeared to the court from evidence introduced that the widow signed such receipt by mistake. Therefore, the probate court, in the exercise of its equitable powers, had a right to set aside and vacate the order, discharging the executor, even though such action was taken by it at a subsequent term. In *Schlink* v. *Maxton*, 153 Ill. 447, it was held that the probate court, in the exercise of its equitable jurisdiction, might on motion at a subsequent term set aside its own order, allowing a claim against an estate, if mistake or fraud had intervened; and in that case it was said: "So, here, although the term of court, at which an allowance was made, has passed, it may, for such cause as would move a court of equity upon a bill filed, entertain a motion to set aside the allowance." In *Strauss* v. *Phillips*, 189 Ill. 9, the cases of *Millard* v. *Harris*, *supra*, and *Schlink* v. *Maxton*, *supra*, were referred to and approved. (See also *Marshall* v. *Coleman*, 187 Ill. 556; *Tanton* v. *Keller*, 167 id. 144; *Wright* v. *Simpson*, 200 id. 56).

It is a matter of doubt, however, although the probate court may have had jurisdiction to enter the order of vacation at a subsequent term, whether, when the order of vacation was entered, the court had jurisdiction over the persons of the minors. The order, vacating the previous order, discharging the executor and re-instating the claim of the widow for the balance of $921.48 due upon her award, was against the interest of the minors. It restored a claim which had been released, and directed that their land should be sold for the payment of that claim. It was important, therefore, that they should have notice. It is true that the order of June 21, 1897, makes the following recital: "And also come Rosalia Szczepanski and Marianna Szczepanski, minor heirs of said deceased, by their guardian *ad litem*." But it nowhere appears in the record that they received any actual notice that the order of June 21, 1897, vacating the order discharging the executor would be applied for.

When a guardian *ad litem* is appointed to act for a minor, it must be for a minor, who is a party to the suit. "A guardian *ad litem* has been defined to be a person, appointed by a court of justice to prosecute or defend for an infant in any suit, to which he may be a party." (10 Ency. of Pl. & Pr. p. 616). It is nowhere shown that these appellees who are minors, and who own twelve-twentieths of the land ordered to be sold, were made parties by any service of any kind. Nor is there any order showing the appointment of a guardian *ad litem* to represent them. The order of June 21, 1897, not only vacated the previous order of March 30, 1897, but it contained also the following order, to-wit: "That Joseph Kucharski executor of the last will and testament of said deceased proceed to sell the real estate of said deceased to pay such balance," etc. Section 99 of the act in regard to administration of estates provides that the widow, heirs and devisees of the testator or intestate, and the guardians of any such as are minors, etc., shall be made parties. (1 Starr & Curt. Ann. Stat.—2d ed.—p. 325). We are inclined to the opinion that the order of June 21, 1897, at least so far as it directed the executor to make a sale of these premises, was void as against these appellees' for want of jurisdiction over them by proper service of notice or process. The order of June 21, 1897, does not recite or state that such minors had due notice, but merely recites that a guardian *ad litem*, whose appointment is not shown, came into court when the order was entered. The master found in his report "that the record does not establish the fact that said Rosalia and Marianna Szczepanski were served with notice of the presentation of said petition to withdraw said receipt, and to sell said real estate." In the case at bar there is no recital of service in the order of June 21, 1897, which cures the failure of the record to show service. (*Law* v. *Grommes,* 158 Ill. 492; *Burr* v. *Bloemer,* 174 id. 638; *Botsford* v. *O'Conner,* 57 id. 72).

*Second*—Independently, however, of any question as to the void character of the order of June 21, 1897, the record discloses such facts, as make it inequitable to sustain the sale and transfer made of the interest in the property in controversy, which belonged to the minor appellees. The vacation of the order, which discharged the executor, and the re-instatement of the released claim of the widow for the balance due upon her award, were not made in good faith for the purpose of realizing by a sale an amount of money necessary to pay what was due her. A scheme was concocted by Theodore H. Schintz, acting with Katharina Obecny and her husband, Witt Obecny, and her brother, Kazmierz Kluczynski, which had for its object the acquisition of such a title to the interests of the appellees in this lot, as would enable Schintz to make a loan thereon. When Mrs. Obecny, and her husband, went to consult Schintz on June 10, 1897, he suggested to them to find someone whom they could trust, and she thereupon named her brother, Kluczynski. On the very next day, to-wit, June 11, 1897, Schintz, as attorney for Mrs. Obecny, filed a petition for her to set aside the order, by which the balance due on her widow's award had been released, and the executor had been discharged. At the same time, he drew a note for $4000.00, and the trust deed to himself, as trustee, securing the same, upon the whole of the lot, including the interests not only of the appellees, but of the widow. He thereupon induced Kluczynski, the widow's brother, to sign the note and trust deed, the former being payable to the latter's own order and endorsed by himself. Kluczynski says that he received no money when he signed the note and trust deed, and that he did not know what he was signing. He was merely requested to sign such papers, as would enable his sister and brother-in-law to obtain some money to put up a new building upon the lot in question. The trust deed to Schintz to secure the note for $4000.00

was dated June 10, 1897, and recorded on June 11, 1897, the very day, on which the petition to set aside and vacate the order of March 30, 1897, was filed. At the time when this trust deed to Schintz was executed; Kluczynski had no title at all to this lot, or any portion of it. The record showed that the title was in Katharina Obecny and her two minor children, the present appellees. After the order of June 21, 1897, vacating the previous order had been entered, and after the trust deed, securing the note for $4000.00 had been executed and recorded, then a petition was filed in the probate court by the executor for the sale of the lot, in order to pay the $921.48 due to Mrs. Obecny upon her award. This petition was filed on September 8, 1897. On October 8, 1897, an order was entered directing a sale of the property at public vendue for cash, in order to realize the amount of money to pay the deficiency due upon the widow's award. After notices published and posted, a sale was made on November 12, 1897, of the whole of the lot to Kluczynski for the sum of $1100.00. This sale was reported to the probate court, and approved. But the probate court was evidently imposed upon. The evidence shows clearly that Kluczynski was not present at the sale, and knew nothing about it. He did not pay for the purchase of the property to the executor, making the sale, the sum of $1100.00, or any other sum, nor did his sister, Mrs. Obecny, pay any money. Both she and the purchaser, Kluczynski, swear that they paid nothing, and knew nothing about the approval of the sale. There is nothing to show that this $1100.00 was paid into court, or that any portion of it was credited upon the widow's claim for the balance of her award. The notice of the sale announced that the property was unencumbered, and would be sold subject to the dower and homestead of the widow. At the time when this announcement was made that the property was unencumbered, the trust deed to secure $4000.00 to Schintz was on record, but evidently was not regarded by Schintz,

who conducted the proceedings, as constituting an encumbrance upon the property. After the sale was made, and on November 18, 1897, a deed was executed by Joseph Kucharski, the executor, alleged to be in pursuance of the sale at public vendue, to Kluczynski, the pretended purchaser, but no money was paid by him for the deed. On the same day, to-wit, November 18, 1897, Kluczynski executed a deed and conveyed the premises to his sister, Katharina Obecny. No consideration was paid by Mrs. Obecny to her brother for this deed. Subsequently, on January 7, 1899, Mrs. Obecny and her husband conveyed the premises to the executor, Joseph Kucharski. No consideration was paid for this deed by Kucharski.

We regard all the proceedings in the probate court from June 11 down to the time of the execution of the deed by Kluczynski to Mrs. Obecny, as having been fraudulent and instituted for the purpose of depriving these appellees of their interest in this property. In fact there was no executor's sale, but merely a sham sale. The forms of the law were made use of to put a title in Kluczynski, the brother of Mrs. Obecny, who had executed a mortgage or trust deed upon the property to Schintz on June 10, 1897, more than five months before the executor's sale was made to him, as a pretended purchaser. The whole object of the proceeding was to get some sort of title in Kluczynski, as purchaser at the executor's sale, so as to connect him with the trust deed previously executed to Schintz. The conclusion is warranted by the evidence, that the real party in interest was Katharina Obecny, acting under the advice and direction of Schintz. Although the sale was nominally made to her brother, Kluczynski, yet it was really to her and for her benefit, as the property was deeded to her on the very day, on which the executor made a deed to Kluczynski. She filed the original petition, asking that the order, which had discharged the executor and released her claim against the estate should be vacated.

It is true that the petition for the sale of the property to pay the balance due upon the widow's award was filed in the name of the executor, Kucharski, but it was really filed by Mrs. Obecny and for her benefit, and the sale was made for her benefit. She was herself the owner of eight-twentieths of the property, which was sold. In buying the property through her brother she was buying eight-twentieths of what already belonged to her. Counsel for appellant, in answer to the charge that the record no-where shows any payment by Kluczynski to the executor of the $1100.00 bid by him, says in his brief: "It may have been paid by the widow giving to such purchaser a receipt for the amount of her award and allowing the purchaser to turn such receipt into court." If the purchase money was paid by crediting the same, or a part thereof, upon what was due the widow upon her award, then the widow was the real purchaser, although the name of her brother was used as such purchaser. Such credit is only made at a public sale where the purchaser at the sale owns the debt for which the sale is made. The property was not sold to pay any debt or claim which was due to the pretended purchaser, Kluczynski. If there was a real sale, therefore, it was the duty of Kluczynski to pay the money and not to turn in a receipt from his sister for the amount due from her upon her award.

It being true, then, that this was a sale in fact to Mrs. Obecny, and that the petition to the court for the sale of the property to pay the balance due on the widow's award was really a petition by Mrs. Obecny, though filed in the name of the executor, it necessarily follows that there was no such service in this case upon the minors, as gave the probate court jurisdiction to enter the decree of sale which was entered.

Where a petition is filed by an administrator or executor for the sale of real estate to pay debts, the heirs must be made parties, and must be served with summons. Section 103 of the act in regard to administra-

tion, (1 Starr & Curt. Ann. Stat.—2d ed.—p. 329), provides that "the service of summons shall be made by reading thereof to the defendant, or leaving a copy thereof at the usual place of abode, with some member of the family of the age of ten years and upwards, and informing such person of the contents thereof, which service shall be at least ten days before the return of such summons." The minor appellees were made parties defendant to the petition for sale, and summons was issued against them. The return of the sheriff upon the back of the summons shows that he "served this writ on the within named Rosalia Szczepanski and Marianna Szczepanski by leaving a copy thereof for each of them at their usual place of abode with Katharina Obecny, a member of their family of the age of ten years and upwards, and informing her of the contents thereof this 9th day of December, 1897." In other words, the summons was served upon these two minor devisees and heirs by leaving a copy thereof with their mother, who was not only a tenant in common with them in the ownership of the premises, but was proceeding adversely against them for the purpose of subjecting their interest in the premises to the payment of her widow's award, or rather who was trying through the machinery of the law to put the title to their interest in her brother, and in herself, for purposes of her own.

This court has held in a number of cases that, where a bill in chancery is filed against minors to subject their land to sale, the service of the summons by the delivery of a copy thereof to the complainant, informing him of its contents, will confer no jurisdiction on the court as to the persons of the defendants, and the decree of sale rendered on such service will be void as to them. (*Hemmer* v. *Wolfer*, 124 Ill. 435; *St. Louis and Sandoval Coal and Mining Co.* v. *Edwards*, 103 id. 472; *Lee* v. *Fox*, 89 id. 226; *Filkins* v. *O'Sullivan*, 79 id. 524; *Clark* v. *Thompson*, 47 id. 25). In the case at bar, Katharina Obecny, acting in the name

of the executor, Kucharski, was the real complainant in this petition for the sale of this property. Indeed, in the petition which she filed for the vacation of the order of March 30, 1897, in her own name, she asked that the property might be sold. There was no service upon her minor children except by leaving a copy of the summons with her, the real though not nominal complainant in the petition, and stating the contents of it to her. We do not regard this service, under the decisions referred to, and upon principle, as sufficient. Her interest lay in the direction of keeping a knowledge of the filing of the petition from the very children for whom she accepted service. We are, therefore, of the opinion that the court acquired no jurisdiction over these appellees ·to enter the order of sale against their property.

The only persons, who have taken the present appeal, and who assign errors here, are the appellants, who own the note and trust deed executed to Schintz, as trustee. The owners of the second trust deed to Winston are not here complaining. None of the other defendants below are here complaining. The only defendants, who answered, were the holders of the encumbrances. The executor, Kucharski, the alleged purchaser, Kluczyn-ski, and Mr. and Mrs. Obecny, and Schintz, the trustee, were all defaulted below. The only parties, therefore, whose rights can here be considered, are those of the appellants, who purchased from Schintz the note and trust deed executed to him. The appellants, or their deceased ancestor, George Heppe, claim that they paid $4000.00 for this mortgage to Schintz. It is very certain that he only applied about $1900.00 of it towards the erection of the new building upon the premises in question. The appellants cannot be regarded as purchasers in good faith without notice of the rights of the appellees in view of what has already been stated. The salient facts, which have been set forth, were shown by the record in such a way that appellants were affected with

notice of the scheme, which was concocted to deprive
these children of their property. Appellants must have
known, and could not have helped knowing, that, when
they purchased the trust deed from Schintz, Kluczynski,
the maker of that trust deed had no title whatever to
the property. Exactly when they made the purchase of
the $4000.00 note is not shown by the evidence. Counsel
says in his brief that they purchased the note a few
weeks after it was executed, but we find no evidence in
the record to show that fact; but even if it was purchased
after the sham sale to Kluczynski, there was enough up-
on the record to put them upon inquiry, so that, if they
had made such inquiry, they could not have failed to
ascertain the true character of the proceedings taken in
the probate court, the effect of which was illegally and
fraudulently to deprive these appellees of their prop-
erty. In other words, the appellants purchased the trust
deed to Schintz with notice of its real character.

The improvements, which were put upon this prop-
erty, were put upon it by Mrs. Obecny, who owned an
undivided interest as tenant in common with the appel-
lees. This property was the homestead of the testator,
the father of appellees, when he died, and was occupied
as a homestead by the widow and these children when
the transactions herein narrated occurred. Parties, pur-
chasing the encumbrance, had full notice of the rights
of the appellees from their possession of the property.
Where compensation is allowed for improvements, made
by one tenant in common without the knowledge of the
others, the compensation will be estimated, so as to in-
flict no injury on the co-tenant against whom the im-
provements are charged. It is said here that the new
building, which was erected by Mrs. Obecny upon these
premises benefited the property of these appellees, and
that they should be charged with their proportionate
share of the cost of the improvements. The co-tenant,
against whom such improvements are charged, will be

charged, not with the price of the improvements, but only with his proportion of the amount, which at the time of the partition they add to the value of the premises. (*Cooter* v. *Dearborn*, 115 Ill. 509; *Rowan* v. *Reed*, 19 id. 21.) The master, whose report in this case was confirmed, found that the value of improvements on the lot in 1897 was $1500.00, and that the value of the lot in 1897 was $2500.00, making a total amount of $4000.00 for lot and improvements. We are not prepared to say that the evidence does not sustain this finding of the master. Indeed, much of the testimony shows a greater value of the lot and improvements than the amount so found by him. But he also finds in his report that he is unable from the evidence to state the present value of said premises. Nor do we find any evidence in the record showing such present value. It is impossible to state, therefore, the amount which the improvements added to the value of the premises. This being so, it is impossible to charge the appellees with their proportion of the amount, which, at the time of the partition, the improvements will have added to the value of the premises, if, under the facts of this case, they are justly chargeable with such proportion. As, however, this is a matter, which concerns the appellees and their mother as between themselves, it is not necessary for us to pass upon it, as the mother has taken no appeal, and assigned no errors, and is not complaining of the decree below.

After a careful consideration of the whole record, we are unable to say that the chancellor below erred in holding that the appellees are each the owner in fee of an undivided six-twentieths of the lot described in the bill, free and clear of the lien of the trust deed, executed by Kluczynski to Schintz, as trustee, and also of the lien of the other trust deed herein before mentioned.

Accordingly, the decree of the court below is affirmed.

*Decree affirmed.*