In the matter of the estate of Cornelius W. Esmond, deceased.
Ora B. Esmond et al., Executors, Appellees, v. S. E. Esmond, Appellant.

### Gen. No. 5220.

1. ADMINISTRATION OF ESTATES—*enforcement of set-off against distributee.* The Probate Court has authority to determine the amount due from a distributee of an estate in course of administration and to authorize the executors to deduct. the amount of such indebtedness from the share of such distributee.

2. ADMINISTRATION OF ESTATES—*what constitutes advancement.* Held, that a certain writing in evidence in this case was an acknowledgment that certain notes constituted advances to the signer of such writing who was a distributee of the estate in course of administration.

3. STATUTE OF LIMITATIONS—*when no defense.* The Statute of Limitations is no defense by a distributee to the setting off against his share of an advance received by him from the testator whose estate is in process of administration.

4. JURY—*when party not entitled to as a matter of right.* It is not every issue arising in the probate court that entitles a party to a trial by jury.

5. JURY—*when right waived.* If a party is entitled to a jury trial his failure to demand the same operates as a waiver.

Objections to executors' report. Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed October 19, 1909. Rehearing denied April 13, 1910.

H. M. KELLY and SNOW & HAIGHT, for appellant.

CHASE FOWLER, GEORGE P. HILLS and BROWNE & WILEY, for appellees.

MR. JUSTICE WILLIS delivered the opinion of the court.

Cornelius W. Esmond died testate, March 16, 1906, leaving him surviving no widow, four sons and two daughters. His will was admitted to probate, April 12, 1906, and two sons were appointed executors thereof. Their inventory filed April 21, 1906, showed that he died seized of about fourteen hundred acres of land and more than $40,000 in notes and accounts. Among the notes were three signed by Samuel C. Esmond, a son, for, respectively, the sums of $1240, $840, and $3,708. The note for $3,708 was dated September 19, 1891, due five years after date with interest at 5% per annum, on which interest payments were endorsed to September, 1893. A writing in the following words and figures was found among the effects of the deceased:

"STATE OF ILLINOIS,  { ss.
    COUNTY OF COOK.  {

Whereas, I, Samuel C. Esmond, have received of my father, Cornelius W. Esmond, certain sums of money, which is evidenced by three promissory notes, executed by me and delivered to my father, which notes are now held by him; now in consideration of my said father's foregoing collections of said notes at this time, I hereby agree and consent that the various amounts for which said notes were given, and the interest due thereon, shall be taken and considered as an advancement to me, and the same to be so treated in the settlement of his, my father's estate.

Dated November, 1900.

Provided, the $3,708.00 note may be subject to any defense which I may have against said note, on the final settlement of my father's estate.

(Signed)  SAMUEL C. ESMOND. [SEAL.]

Acknowledged by J. H. Fowler."

On March 12, 1907, the executors filed a report in the Probate Court in which they charged these notes against Samuel C. Esmond or deducted the amount from his distributive share. On May 27, 1907, he

filed objections to the executors deducting from his distributive share the amount of the $3,708 note. These objections were overruled, the report was approved, and the executors were ordered to deduct the amount of the note from appellee's share, whereupon he prayed an appeal to the Circuit Court, and filed an appeal bond which was approved. The Circuit Court dismissed the appeal, and an appeal was taken to this court, where the case was reversed and remanded, on the ground that, had there been a full record of the proceedings of the Probate Court in the Circuit Court, it might have appeared that there was no ground for dismissing the appeal. Esmond v. Esmond, 142 Ill. App. 233. The case was redocketed and a complete record of the proceedings in the Probate Court filed. The motion to dismiss the appeal from the Probate Court was renewed and denied. Thereafter a hearing was had upon appellant's objections and they were overruled. He again appeals and assigns errors. Cross errors are assigned on the ground that the Circuit Court should have dismissed the appeal from the Probate Court. The motion to dismiss was based on the ground that the appeal bond, though filed in time, was not approved by the judge until after the lapse of twenty days.

From the view we take of the case, it is unnecessary to discuss the cross errors assigned.

It is contended that the Probate Court had no power to deduct the amount of the $3,708 note from appellant's distributive share of the estate; that the executors should have proceeded in a suit at law, and obtained judgment before undertaking to set-off the note against his distributive share; and that by the course pursued, he was deprived of a trial by jury; and that the statute of limitations was a defense.

In support of his contention that the Probate Court lacked jurisdiction to deduct the amount of this note from his distributive share, appellant invokes the rule laid down in 14 Cyc. 121, and cites early Massachusetts

and Albany cases, upon which it was predicated, and which are not recognized by subsequent decisions of the courts of those states as authority, since the rule therein announced has been changed in those states by statutory enactment. In Nelson Exr. v. Murfee, 69 Ala. 598, and Tilton v. Tilton, 196 Mass. 562, the reverse of the proposition was held to be the law. In any event, the rule invoked cannot be held to be the law in this state in view of the decisions of our Supreme Court.

Executors have the right, and it is their duty to retain a sum equal to the indebtedness of the distributee of an estate, and apply the same in payment thereof before paying any money on his distributive share. Jeffers v. Jeffers, 139 Ill. 368. Probate Courts have original jurisdiction in the settlement of estates and may exercise equitable as well as legal forms of procedure. Spencer v. Boardman, 118 Ill. 553; Shepard v. Speer, 140 Ill. 238; Bliss v. Seaman, 165 Ill. 422; Heppe v. Szczepanski, 209 Ill. 88. The Probate Court has jurisdiction to settle all questions in determining the distribution of estates, including advancements and indebtedness of legatees and distributees. Spencer v. Boardman, *supra;* Shepard v. Speer, *supra;* Hayward v. Loper, 147 Ill. 44; Ames v. Ames, 148 Ill. 321; Blake v. People, 161 Ill. 74. They have that right even if the indebtedness is barred by the statute of limitations. Hurd's R. S., sec. 17, chap. 83; 1908, Jeffers v. Jeffers, *supra;* Steere v. Brownell, 124 Ill. 27.

We hold the court has authority to determine the amount of appellant's indebtedness to the estate, and authorize the executors to deduct such amount from his distributive share. Jeffers v. Jeffers, *supra;* Hurd's R. S. 1908, sec. 66, chap. 3; Hayward v. Loper, *supra.* If there were any doubt on this subject, it is removed in the present case by the writing signed by appellant November 19, 1900, wherein appellant, in consideration of decedent's foregoing collection of

the notes, agreed and consented that the various amounts for which the notes were given and the interest due thereon should be considered as an advancement and to be so treated in the settlement of his father's estate, and that the note for $3,708 might be subject to any defense he might have against it upon the final settlement of his father's estate. This, we hold, allows the matter to be determined in the settlement of the estate in the Probate Court, and is clearly an acknowledgment that the notes were an advancement. Hurd's R. S. 1908, sec. 7, chap. 39. The statement that the note for $3,708 might be subject to any defense that appellant might have against it upon the final settlement of his father's estate does not, as claimed by appellant, amount to an assertion that he had a defense to the note, and that it was not to be treated as an advancement, but, in our opinion, means that it was to be treated as an advancement, and that it might be disposed of in the final settlement of his father's estate in the Probate Court, and if at that time he had any defense thereto, he might interpose it, notwithstanding that it was then treated as an advancement.

The statute of limitations is no defense to this note. Hurd's R. S. 1908, sec. 17, chap. 83; Jeffers v. Jeffers, *supra*. If it were, the agreement of November 19, 1900, is such a recognition of the note and request to forego its collection at that time, that the statute of limitations would not bar its collection. Moreover, the executors had deducted it from appellant's distributive share, and had filed their report before the expiration of ten years from the time it was due by its face.

Appellant contends that by the course pursued he was deprived of a trial by jury. It is not true that every person under all circumstances has a right to a trial of his cause by a jury. For instance, if one gives his promissory note for a sum of money secured by a real estate mortgage, if he is sued on

the note at law he is entitled to a jury; but if a bill
is filed against him to foreclose the mortgage he is
not entitled to a jury trial, even if the foreclosure
may result in a deficiency decree against him and a
general execution against his property for the pay-
ment of a part of the debt. In Flaherty v. McCor-
mick, 113 Ill. 538, a bill in equity for partition, Fla-
herty was in possession as a squatter or without any
deed or record title, and not under the parties among
whom it was sought to have the land partitioned; and
he insisted that he was entitled to a jury trial. It
was held that a party is only entitled to a trial by jury
when the issues arise in a cause where jury trials
are a matter of right, and that in a cause in equity
a jury trial is not a matter of right. This decision,
based upon Heacock v. Hosmer, 109 Ill. 245, has been
sustained and variously applied in Culver v. Cole-
hour, 115 Ill. 558; Harding v. Fuller, 141 Ill. 308;
Maynard v. Richards, 166 Ill. 466, and Keith v. Hen-
kleman, 173 Ill. 137.

There are many questions arising in the settlement
of an estate in the Probate Court between executors
and distributees and heirs and persons holding ad-
vancements, including the settlement of the accounts
of the executors, which are not of a nature to entitle
a party to a jury trial. Probate Courts exercise an
equitable jurisdiction in all matters that arise in the
settlement of estates. We are therefore not satisfied
that appellant had a right to a trial by jury. But
section 7 of the act establishing Probate Courts pro-
vides that: "The Probate Court shall have the power
to impanel a jury for the trial of issues or matters
of fact in any matter or matters pending before the
court." Therefore, if the matters relating to this
note for $3,708 were such that appellant was entitled
to a jury trial, then the Probate Court had power to
give him that trial under this section just stated, and
so did the Circuit Court on appeal. But he did not
demand a jury trial. In Heacock v. Hosmer, *supra,*

it was held that where a party entitled to a jury trial in a civil case did not ask for a jury the right of trial by jury was waived.

We are of opinion that there is no reversible error in the record in the respects alleged by appellant, and therefore, without determining whether the Circuit Court should have dismissed appellant's appeal from the Probate Court, the order is affirmed.

*Affirmed.*