Frances S. Pollock, Administratrix of the Estate of Robert Pollock, Deceased, et al., Appellants, v. Jacob Cantlin, Administrator c. t. a. of the Estate of Montgomery Pollock, Deceased, Appellee.

Gen. No. 8,021.

230

Opinion filed May 14, 1929. Rehearing denied June 18, 1929.

CARL E. SHELDON, for appellants.

JACOB CANTLIN, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

Montgomery Pollock, of Whiteside county, died April 29, 1923, testate as to a part of his estate, and intestate as to the residue. Appellee Jacob Cantlin was appointed administrator with will annexed of said estate. Said deceased left him surviving several children, including a son, Robert Pollock. On March 5, 1924, Robert Pollock died intestate, leaving him surviving appellant Frances S. Pollock, his widow, and appellants Robert Pollock and Dorothy Pollock Moroff, his children and only heirs at law.

On May 11, 1928, appellee filed his final report in said estate, showing "that the debts and claims against

said estate have all been paid,'' leaving a balance of $8,550.43 ''to be distributed between the heirs lawfully entitled thereto.'' It was further set forth in said report that appellant Frances S. Pollock, as administratrix of the estate of Robert Pollock, deceased, was entitled to a distributive share of $864.35. Appellee prayed that he be allowed to make distribution as set forth in said report, and, upon presentation of receipts therefor, that he be discharged.

On June 4, 1928, appellee after having made proofs of notice, as provided by statute, moved the court to approve his final report. The court entered an order ''that said report be and the same is hereby approved, and distribution ordered as shown by said report.''

On June 8, 1928, appellee filed a supplemental report, setting forth ''that in the items of receipts, the administrator failed to include as one of the assets a note of Robert Pollock, now deceased, to said Montgomery Pollock, deceased, in the sum of $581.56, dated November 17, 1917, with interest at 7 per cent per annum, for which note and interest a claim was, on September 13, 1924, filed against the estate of said Robert Pollock, deceased; that there was due on said note up to June 4, 1928, the date of the approval of said final report, the sum of $1,011.25, which said sum should be included as assets of said estate in computing the assets on hand for distribution, in so far as the distributive share belonging to the estate of said Robert Pollock, deceased, and payable to Frances S. Pollock, administratrix thereof, will reach.''

Objections to said supplemental report were filed by appellants, on June 14, 1928. Said objections question the power of the court to modify said report and order of distribution on the ground that the approval of the first report, not having been formally set aside at the June term, 1928, was valid and binding and could not be modified at a subsequent term; that, ap-

pellee having filed said claim against the estate of Robert Pollock, deceased, the same must be allowed and determined in the administration of said estate of Robert Pollock; also that the distributive share which would otherwise have gone to the estate of Robert Pollock should be administered in his estate, in order that the claims against said estate be classified and paid according to classification.

On June 18, 1928, a hearing was had on the objections to said supplemental report, and the same was taken under advisement. On July 2, 1928, said objections were overruled, and a finding was made that the amount due, as the distributive share of Robert Pollock, deceased, be decreased in the sum of $810.29 on account of said indebtedness, and it was "ordered that an amended final report be filed on or before July 6, 1928." On July 6, 1928, a second supplemental report was filed, pursuant to said ruling as to the amount to be deducted from the distributive share of the estate of Robert Pollock, deceased, which left the sum of $169.38 owing to appellant Frances S. Pollock, as administratrix.

Objections were filed to said second supplemental report by appellants, raising the same points, in substance, as were raised against the first supplemental report. Said objections were overruled and distribution was ordered as set forth in said second supplemental report, and an appeal was granted to the circuit court.

On the trial in the circuit court, a jury was waived and a stipulation was entered into, setting forth among other things: that on September 13, 1924, a claim was filed against the estate of Robert Pollock, deceased, by appellee as such administrator, for the amount owing on said above-mentioned note; the disallowance of said claim on July 2, 1928; that a widow's award of $500 was allowed appellant Frances S. Pollock in the estate of Robert Pollock; that certain other claims, giving

their classification, had been allowed and that the estate of Robert Pollock was insolvent; that appellee "through mistake and oversight, failed to include in his final report . . . the note and claim filed against the estate of Robert Pollock, deceased; that . . . at the same term of court in which order of approval and distribution was made and entered, said Jacob Cantlin filed his supplemental report, set forth in the transcript; that said omission from said first final report was not made by said administrator willfully or intentionally, but through error and mistake."

The objections filed to said report by the appellants were overruled and an order was entered by the circuit court, approving said report and ordering distribution and entering judgment against appellants for costs. To reverse said judgment, this appeal is prosecuted.

Numerous errors were assigned by appellants on the record, which, in the argument, were reduced to six propositions.

Appellants first contend that the order approving said original report, was never set aside and, the term at which "it was entered having passed, it became a final, binding order and judgment, and that any subsequent orders approving other and different reports were nullities."

The first supplemental report was filed on June 8, four days after said order approving the original report, and before distribution had been made. The objections filed to said supplemental report were heard at said June term, and were taken under advisement. On July 2, an order was entered, overruling said objections and finding that the distributive share of Robert Pollock should be decreased by reason of the indebtedness on said note, $810.29, leaving a balance owing to said estate of $169.38, and ordering an amended supplemental report to be filed accordingly. The objections to the amended supplemental report were passed on by the court on July 9, 1928, and the

report was approved and distribution ordered. The supplemental report filed on June 8 by appellee, with the motion accompanying the same, was sufficient to give the court jurisdiction at the July term following, to allow the amendment to said report and to modify the order of distribution.

County or probate courts in the settlement of estates are vested with equitable as well as legal powers and in the adjustment of the accounts of executors, administrators and guardians, the county court has equitable jurisdiction and may adopt equitable forms of procedure. *Millard v. Harris*, 119 Ill. 185–198; *Spencer v. Boardman*, 118 Ill. 553–558; *Shepard v. Speer*, 140 Ill. 238–245; *Heppe v. Szczepanski*, 209 Ill. 88–98.

The authority of the county court to amend or set aside its orders, on motions made at the term in which they were entered, has frequently been recognized and approved. *Griswold v. Smith*, 221 Ill. 341–350; *Schlink v. Maxton*, 153 Ill. 447–448; *Strauss v. Phillips*, 189 Ill. 9–25; *Millard v. Harris, supra; Heppe v. Szczepanski, supra*, 99. See also *Marshall v. Coleman*, 187 Ill. 556; *Tanton v. Keller*, 167 Ill. 129, 144; *Wright v. Simpson*, 200 Ill. 56.

In *Schlink v. Maxton, supra*, the court at page 448, quoting from the opinion of the Appellate Court, says:

"The argument is, that the allowance of the claim was a judgment, which could not be opened by the county court for any cause after the close of the July term. It is not insisted that that judgment could not be opened by a court of equity for fraud or mistake, but that the county court had no power to grant such relief. We are of opinion that the county court has such equitable jurisdiction in respect to all matters pertaining to the settlement of estates; that it may, in a proper case, set aside an allowance and require the parties to proceed *de novo*. Such a case would be presented when it appeared that fraud or mistake had

intervened, so that a court of equity, if the facts were before it in a bill to set aside a judgment, would entertain jurisdiction. . . . So here, although the term of court at which an allowance was made has passed, it may, for such cause as would move a court of equity upon a bill filed, entertain a motion to set aside the allowance.''

In the same case, at page 453, the court further says:

''The county court is a court of general and unlimited jurisdiction in matters of administration. (*Propst v. Meadows,* 13 Ill. 157; *Reynolds v. People,* 55 id. 328.) In the settlement of the estates of deceased persons it exercises an equitable jurisdiction adapted to its organization and modes of proceeding. *Moore v. Rogers,* 19 Ill. 347; *Dixon v. Buell,* 21 id. 203; *In re Steele,* 65 id. 322; *Brandon v. Brown,* 106 id. 519.

''It is urged that even if the county court, sitting as a court of probate, is invested with equitable jurisdiction, yet it has no power, at a subsequent term, to set aside its own order, judgment or decree except upon a formal bill filed for that specific purpose. We do not so understand the practice in the probate courts.''

It was stipulated in this case that appellee, ''through mistake and oversight, failed to include in his final report, on which order of approval was entered and distribution ordered, the note filed in the claim against the estate of Robert Pollock, deceased,'' and that said omission from said final report was not made by said administrator ''willfully or intentionally, but through error and mistake.''

It follows as a logical conclusion that said county court had jurisdiction at the July term to permit appellee to amend his former report, and the court had jurisdiction to modify its order of distribution in keeping therewith. *Millard v. Harris, supra,* 199.

On the proposition that the law provides a method which must be followed in the administration of es-

tates, it is only necessary to say that the county court followed such method.

It is next contended that the estate of Montgomery Pollock was not entitled to a preference or priority over other creditors of the estate of Robert Pollock, deceased. That question does not arise in this case.

It is next contended that appellee, in filing his claim against the estate of Robert Pollock, deceased, elected his remedy and was bound thereby. There is no election of remedies, except where the remedies are inconsistent. The remedies in this character of case were not inconsistent. It is the duty of an administrator, holding a claim against another estate, to file the same as provided by statute. It is also his duty to charge such debtor estate with the amount of such claim in making distribution where such debtor estate is entitled to a distributive share. In other words, if the claim which he has filed against the debtor estate has not been paid at the time of final distribution in the estate represented by him, it is his duty to treat the estate of such heir or legatee as having already received such amount on its distributive share. *Jeffers v. Jeffers,* 139 Ill. 368–376; *Esmond v. Esmond* 154 Ill. App. 357–360, 361; Toller on Executors, 338.

In *Esmond v. Esmond, supra,* this court at page 360 said:

"Executors have the right and it is their duty to retain a sum equal to the indebtedness of the distributee of an estate, and to apply the same in payment thereof before paying any money on his distributive share. *Jeffers v. Jeffers,* 139 Ill. 368. Probate courts have original jurisdiction in the settlement of estates and may exercise equitable as well as legal forms of procedure. *Spencer v. Boardman,* 118 Ill. 553; *Shepard v. Speer,* 140 Ill. 238; *Bliss v. Seaman,* 165 Ill. 422; *Heppe v. Szczepanski,* 209 Ill. 88. The probate court has jurisdiction to settle all questions in determining

the distribution of estates, including advancements and indebtedness of legatees and distributees. *Spencer .v. Boardman, supra; Shepard v. Speer, supra; Hayward v. Loper,* 147 Ill. 44; *Ames v. Ames,* 148 Ill. 321; *Blake v. People,* 161 Ill. 74. They have that right even if the indebtedness is barred by the statute of limitations. Hurd's R. S. sec. 17, chap. 83; 1908; *Jeffers v. Jeffers, supra; Steere v. Brownell,* 124 Ill. 27.

"We hold the court has authority to determine the amount of appellant's indebtedness to the estate, and authorize the executors to deduct such amount from his distributive share."

What we have said in this connection will also cover the fifth proposition contended for, viz., that the note of Robert Pollock cannot be set off against the distributive share from the Montgomery Pollock estate.

Lastly, it is contended that the court erred in not awarding a jury trial of said cause. On the trial in the circuit court, from which this appeal is taken, the jury was waived. Even if a jury trial was a matter of right in the county court, it was not asked for, and was waived. *Esmond v. Esmond, supra; Heacock v. Hosmer,* 109 Ill. 245.

For the reasons above set forth, the judgment of the trial court will be affirmed.

*Judgment affirmed.*