## HENRY M. SHEPARD, Admr.

### *v.*

### JAMES P. SPEER *et al.*

*Filed at Ottawa January 18, 1892.*

1. SETTLEMENT OF ESTATES—*in what courts—distribution—powers of administrator.* An administrator of an estate has no such interest in the assets of the estate he represents as to maintain a bill in a court of equity to determine what disposition shall be made of the fund in his hands, or what creditors shall receive the fund he holds for distribution. The court of probate has ample jurisdiction to settle all questions relating to the settlement and distribution of estates.

2. Where a bill in equity by an administrator, for the settlement of an estate, shows no good or sufficient reason why the probate court has not ample power to make final settlement of the estate, order distribution of the fund, and after distribution discharge the administrator, the bill should be dismissed. If payments are not credited on claims allowed, such matters may be adjusted by the probate court under its equitable jurisdiction.

3. The probate court is clothed with jurisdiction in all matters of probate, settlement of estates of deceased persons, appointment of guardians and conservators, and settlement of their accounts. It is not confined to the exercise of legal powers, but may also exercise equitable powers in the adjudication of all matters pertaining to the settlement of estates.

4. It is only in extraordinary cases that a court of equity assumes jurisdiction in the settlement of an estate, and supersedes the probate or county court.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge presiding.

This was a bill in equity, brought by Henry M. Shepard, as administrator *de bonis non*, with the will annexed, of the estate of Charles W. Ricketson, deceased, against James P. Speer and others. It is alleged in the bill that Ricketson died in Pennsylvania, in September, 1866; that William Phillips was appointed administrator of his estate by the Orphans'

Court of Alleghany county; that Benjamin F. Quimby was appointed administrator of the estate by the county court of Cook county, Illinois, in 1867. The bill then alleges the subsequent appointment of complainant as administrator *de bonis non,* with the will annexed, by the county court of Cook county, in May, 1868, and his due qualification as such administrator; that soon after his appointment as such administrator he filed an inventory of all the property of said estate then known to him, and afterwards, in 1870, he discovered other property belonging to the estate, and thereupon filed an inventory thereof; that in 1869 a claim was filed and allowed against said estate in favor of one Benjamin F. Quimby, for the sum of $32,800, to be paid in due course of administration; that said claim was based upon a decree obtained by said Quimby against the deceased, Ricketson, and George T. Brown, James B. Clow, Josiah Rhodes and Reese Owens, as co-partners, under the name of Brown & Clow; that the members of said firm of Brown & Clow, at the time the said decree was obtained, were non-residents of the State of Illinois, and were without any assets or property within reach of execution, except whatever interest said Rhodes had in a claim against the estate of said Ricketson, deceased; that subsequently said decree of Quimby was duly assigned by him to George F. Harding, who now owns the same; that other claims were allowed against the estate by the county court of Cook county, the amount of the claims, date of allowance and the names of the claimants being set out; that said Phillips, who was appointed administrator in Pennsylvania, distributed the estate of said Ricketson in Pennsylvania in payment of creditors of Ricketson, and that said Phillips has since departed this life; that Josiah Rhodes claimed to hold a large claim against the estate of Ricketson, which claim was not assignable by law; that said Rhodes assigned, or attempted to assign, the same to Phillips, while Phillips was administrator of said Ricketson's estate; that said Phillips by some means secured the allowance of

said claim in the Orphans' Court in the name of said Rhodes, though secretly for his own use, against the estate, for the sum of upwards of $38,000; that said Phillips had, in fact, prior to the allowance of said claim, bought the same of said Rhodes with money then in his hands as administrator of said estate, paying therefor not more than $30,000; that afterwards a dividend was paid upon said Rhodes' claim, amounting to upwards of $11,000, which should have been then credited as a payment thereon, and that other payments were made on said claim which should have been credited thereon, the amount of which complainant can not state; that afterwards, on December 14, 1869, said Phillips filed in the county court of Cook county the said Rhodes' claim against said estate, in the name of Rhodes, for the use of said Phillips, for the amount of $39,580, and in support thereof filed the affidavit of said Josiah Rhodes, averring said amount to be due thereon after allowing all just credits and set-offs; that said Phillips and said Rhodes thus fraudulently concealed the facts as to the purchase of said claim and the divers credits and set-offs thereto and payments thereon, which matters were unknown to complainant; that afterwards, in 1870, said claim came on for trial in said county court, and was allowed for $38,845, payable *pro rata* out of such estate as might be discovered subsequent to the expiration of two years from the first letters of administration; that William Phillips, being dissatisfied with the order of the court in regard to the order of payment of the claim, appealed from said judgment of the county court to the Superior Court, and that afterwards, in 1871, said appeal came on for trial in the Superior Court, and judgment was rendered therein against said estate for the sum of $32,425, complainant having still no knowledge of the said dividends, payments, credits or set-offs upon or against said claim; that complainant appealed from said judgment to the Appellate Court, and said judgment was reversed and the cause remanded to the Superior Court; that while the appeal was pending in

the Appellate Court, one Lizzie Allen filed a bill in her own name against said Phillips, said Speer, one Sankey, said Josiah Rhodes and complainant, from the allegations of which bill complainant learned that said Rhodes' claim was, in fact, wholly paid and satisfied; that such proceedings were had in said Allen suit that a decree was entered perpetually restraining said Phillips, as administrator, and the said Speer, Sankey and Josiah Rhodes, and each of them, from dismissing the appeal from said judgment allowing Rhodes' claim, then pending in the Superior Court; that recently, and in February, 1890, the attorneys representing several of the defendants, without the knowledge of complainant or his attorney, procured the dismissal of said appeal by the Superior Court, and an order for *procedendo*, directed to the probate court of Cook county; that complainant or his attorney did not know of said dismissal until after the expiration of the term at which said order was entered, and that said order was purposely concealed from him and from the parties in interest desiring a trial of said cause, by defendants herein, who were interested in preventing same; that it is claimed by said defendants that the Superior Court has no power to set aside the order dismissing said appeal, and that no court of law has power to reduce, in any way, the amount of said wrongful judgment of allowance of said Rhodes' claim; that the probate court of Cook county, in which the administration of said estate is now pending, has no power to open said judgment allowing said Rhodes' claim, or to allow any credits or deductions or set-offs against the same, or to account for the payments and dividends made on the said claim in Pennsylvania; that since complainant's appointment as administrator the estate has been involved in tedious and expensive litigation; that the property included in the first and second inventory has been sold and the proceeds thereof administered, so that there remains in the hands of complainant, as administrator, the sum of about $18,000; that there are difficulties in adjusting the

costs that ought to be equitably charged against the present owners of claims against the estate; that what remains will not pay all the claims, and that the *pro rata* to be allowed on the claims is 'difficult to ascertain and determine, and that such adjustment and apportionment can not be attained except in a court of equity.

The bill contains other allegations, but it will not be necessary to set them out here. Enough have been set out to show the object and scope of the bill. To the bill the defendants Speer and LeMoyne interposed a demurrer, which the court sustained, on the ground that the probate court had full power and jurisdiction, in the settlement of estates, to grant all the relief the parties were in equity entitled to. On appeal to the Appellate Court the decree was affirmed.

Mr. WILLIAM J. AMMEN, for the appellant:

In Illinois the general equitable jurisdiction is that held by the English Court of Chancery, except where limited by an express statute, or where some other court is clothed by statute with exclusive jurisdiction over a particular matter. *Isett* v. *Stuart*, 80 Ill. 404.

In this State the rule is laid down, in many cases, that some special reason must be shown for exercising jurisdiction in equity, instead of leaving the administration entirely to the probate court. *Freeland* v. *Dazey*, 25 Ill. 294; *Townsend* v. *Radcliffe*, 44 id. 446; *Harris* v. *Douglas*, 64 id. 466; *Garvin* v. *Stewart's Heirs*, 59 id. 229; *Blanchard* v. *Williamson*, 70 id. 647; *Heustis* v. *Johnson*, 84 id. 61; *Crain* v. *Kennedy*, 85 id. 340; *Hales* v. *Holland*, 92 id. 494; *Harding* v. *Shepard*, 107 id. 264

In cases where the probate court can not grant full relief, equity will interfere. *Grattan* v. *Grattan*, 18 Ill. 167; *Jennings* v. *McConnel*, 17 id. 148; *Heward* v. *Slagle*, 52 id. 336; *Clark* v. *Hogle*, 52 id. 427; *McCreedy* v. *Mier*, 64 id. 495; *Garvin* v. *Stewart's Heirs*, *supra*; *Townsend* v. *Radcliffe*, *supra*; *Harris*

v. *Douglas, supra; Freeland* v. *Dazey, supra; Pool* v. *Docker,* 92 Ill. 501; *Howell* v. *Moores,* 127 id. 67; *Propst* v. *Meadows,* 13 id. 157; *Van Syckle* v. *Richardson,* id. 171; *Higgins* v. *Cutiss,* 82 id. 28; *Bowzer* v. *Stoughton,* 119 id. 47.

Equity will entertain a bill by an administrator of a deceased partner against the surviving partners, for an accounting, etc., notwithstanding the provisions of the Administration act in relation to partnership affairs. *Breckenridge* v. *Ostrom,* 79 Ill. 71, and cases cited; 1 Starr & Curtis' Stat. 228, 229; *Miller* v. *Jones,* 39 Ill. 54; *Remick* v. *Emig,* 42 id. 342; *People* v. *White,* 11 id. 341; *Ladd* v. *Griswold,* 4 Gilm. 25; *Pahlman* v. *Graves,* 26 Ill. 405; *Rainey* v. *Nance,* 54 id. 29; *Mauck* v. *Mauck,* id. 281; *Berry* v. *Powell,* 18 id. 98; *White* v. *Russell,* 79 id. 155; *Heward* v. *Slagle,* 52 id. 336; *Kimball* v. *Lincoln,* 99 id. 578; *Nelson* v. *Hayner,* 66 id. 487; 1 Woerner on Law of Administration, 281, and cases cited.

A judgment of the probate court is binding against the executor and against the personal estate, and can not be enjoined, on bill filed by legatee, on the ground that such legatee is not bound thereby. *Ward* v. *Durham,* 134 Ill. 95.

The failure of claimant to inform the executor that the claim was barred by the Statute of Limitations, etc., was not a fraud. It seems, however, that a concealment of a meritorious defense would be a fraud against which equity would grant relief. (*Ward* v. *Durham,* 134 Ill. 95.) In the case at bar it is admitted by the demurrer that facts constituting a meritorious defense to the claim were concealed from the probate court and from the administrator, by the claimant.

The county court has no chancery powers, and is the creature of the statute. *Leman* v. *Sherman,* 117 Ill. 657.

Messrs. WILSON, MOORE & MCILVAINE, for the appellees Speer and LeMoyne:

The probate court has jurisdiction to administer this estate. *Field* v. *Ridgely,* 116 Ill. 424; *Wolf* v. *Beaird,* 123 id. 588;

*In re Corrington,* 124 id. 363; *Millard* v. *Harris,* 119 id. 185; *McCall* v. *Lee,* 120 id. 264; *Spencer* v. *Boardman,* 118 id. 555; *Wadsworth* v. *Connell,* 104 id. 369; *Harding* v. *Shepard,* 107 id. 264.

It is well settled that a court of chancery will not, except in extraordinary cases, supersede the probate court in the administration of an estate. *Crain* v. *Kennedy,* 85 Ill. 340; *Heustis* v. *Johnson,* 84 id. 61; *Hales* v. *Holland,* 92 id. 498.

To maintain the present bill would be to deprive the probate court of all further power and jurisdiction over the estate. What extraordinary circumstances are there in this case that demand such heroic treatment? We fail to perceive them.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This bill, as will be observed, was brought by the administrator *de bonis non,* with the will annexed, of the estate of Charles W. Ricketson, and as such administrator he seeks to take the further settlement of the estate out of the hands of the probate court of Cook county and place it in a court of equity. It appears from the bill that all the property belonging to the estate has been converted into money, and a distribution has been made of a part thereof, and the remainder is in the hands of the administrator for distribution, and while the bill contains many allegations, the main question which the administrator seeks to have determined by a court of equity is, what disposition shall be made of the fund in his hands,— in other words, what creditor or creditors shall receive the fund he holds for distribution. This is a question in which the administrator has no personal interest whatever. The creditors may be interested in this matter. If one could defeat the claims of another, or all others, he would receive a larger portion of the fund in the hands of the administrator. They are thus interested, but as the administrator has no interest, it might at the outset be questioned whether he has or can have a standing in a court of equity.

But conceding that the subject matter is one in which the administrator may be regarded so far interested that he has a right to appeal to a court of competent jurisdiction for relief, has he made out a case by his bill which would authorize a court of equity to take the final settlement of this estate from the probate court and assume jurisdiction to make final settlement and distribute the fund in the hands of the administrator among the creditors. The probate court is clothed with jurisdiction in all matters of probate settlement of estates of deceased persons, appointment of guardians and conservators, and settlements of their accounts. If the jurisdiction of the probate court is broad enough to embrace the matter involved in the bill, then it is plain a court of equity will not assume jurisdiction. The fact that the matters alleged are such as are usually cognizable in a court of equity, does not affect the question, as in the settlement of estates the probate court is not confined to the exercise of legal powers, but may also exercise equitable powers in the adjudication of all matters pertaining to the settlement of estates. "Whenever, within the scope of the statutory jurisdiction confided to them, the relief to be administered, the right to be enforced, or the defense to an action properly pending before them, involves the application of equitable principles, their powers are commensurate with the necessity demanding their exercise, whether legal or equitable in their nature." Woerner on the Law of Administration, sec. 149.

The right of the probate court to exercise equitable powers arose in *Wadsworth* v. *Connell,* 104 Ill. 377, and it is there said : "It has been repeatedly held that the probate court may exercise equitable jurisdiction in the settlement of estates,—not its full jurisdiction, but such as is adapted to its organization and the mode of proceeding in that tribunal, (citing authorities). The county court is as competent to afford the relief in this case as a court of equity, and it pertains to the settlement of the estate."

In *Spencer* v. *Boardman,* 118 Ill. 555, where the widow's award had been fixed by the court and the most of it paid, in a proceeding instituted afterwards to sell lands to pay debts it turned out that the widow was not entitled to a specific allowance, on the ground that an ante-nuptial contract had been entered into between her and her husband, and it was held that the amount she had improperly received on the widow's award should be applied in payment of a note the widow held against the estate, and she was enjoined from negotiating the note until the amount she had received should be credited upon it. In speaking of the power of the court to enter the testamentary order, it is said: "Somewhat of equitable jurisdiction we have held the county court to possess in the making of settlement of the estates of decedents, and we regard this restraining order as well enough made in this case."

This decision would seem to establish the rule that the probate court, when adjudicating upon matters pertaining to the settlement of estates, is clothed with authority to exercise equitable powers, like a court of equity. It will be observed that the court not only went behind the order approving the award, and set it aside, but also exercised the power restraining the transfer of a note which the widow held against the estate,— a power pertaining exclusively to a court of equity. Indeed, the right of the probate court to exercise equitable jurisdiction in the settlement of estates, when necessary to further the ends of justice, has been recognized and sustained in many cases. See *Wolf* v. *Beaird,* 123 Ill. 588; *In re Corrington,* 124 id. 363; *Millard* v. *Harris,* 119 id. 185; *McCall* v. *Lee,* 120 id. 264.

This court has held in a number of decisions, that it is only in extraordinary cases that a court of equity will assume jurisdiction in the settlement of an estate. Indeed, in *Harding* v. *Shepard,* 107 Ill. 264, an effort was made in this same estate to transfer the settlement of the estate from the probate court to a court of equity, and in the decision of the case denying the right it is said: "It is well settled that a court of chan-

cery will not, except in extraordinary cases, supersede the probate court in the administration of an estate. (*Crain* v. *Kennedy*, 85 Ill. 340; *Heustis* v. *Johnson*, 84 id. 61; *Hales* v. *Holland*, 92 id. 498.) To maintain the present bill would be to deprive the probate court of all further power and jurisdiction over the estate. What extraordinary circumstances are there in this case that demand such treatment? We fail to perceive them."

What was said when the question was presented in the case cited is applicable now. So far as is shown by the present bill no extraordinary circumstances appear which would justify a court of equity to entertain jurisdiction to settle and close up the estate. Whether the facts as alleged in the bill are sufficient to make out a case if they were properly presented to the probate court, is a question which does not properly arise on this record, and one upon which we express no opinion. But after a careful examination of the averments of the bill, for aught that appears we think the probate court has ample power to make final settlement of the estate, order a distribution of the fund in the hands of the administrator, and after a distribution, discharge the appellant from further duties.

If payments were made on the Rhodes claim, in the State of Pennsylvania, and such payments were not credited on the claim, as suggested in argument, we perceive no reason why that matter may not be adjudicated in the probate court.

Originally a personal judgment was rendered against the appellant for costs. Of course this was irregular, but the judgment, as appears from an amended record, has been amended to remove the objection.

We think the judgment of the Appellate Court is correct, and it will be affirmed.

*Judgment affirmed.*