## Sarah E. Bromwell v. Alfonzo B. Schubert, Administrator of the Estate of Henry H. Bromwell, Deceased.

1. ADMINISTRATION OF ESTATES—*Jurisdiction of the Probate Court.* —The jurisdiction of the Probate Court is ample and complete, to determine whether a person has a valid claim against a deceased person.

Memorandum.—Bill in chancery. Error to the Circuit Court of Cook County; the Hon. SAMUEL P. McCONNELL, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed March 26, 1894.

The opinion states the case.

J. KENT GREEN, attorney for plaintiff in error.

MATTHEW P. BRADY, attorney for defendant in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

We shall avoid any allusion to the merits of this case. In whatever shape the controversy may hereafter be presented, no intimation of our present opinion will appear to the benefit or injury of either party.

The case presented by the plaintiff in error is that she loaned her husband, Henry Bromwell, in 1876 and 1877, $7,000; that in 1886 he died, and the defendant in error is administrator of the estate under letters granted July 21, 1886.

The jurisdiction of the Probate Court is ample and complete, to determine whether she has any valid claim, and

whether there are equitable reasons why any obstacles in her way should be removed or disregarded. Shepard v. Speer, 140 Ill. 238, and the multitude of cases there cited.

There is in this State no reason for resorting to any other than the Probate Court in any case where the actor wants relief only from the assets under the control of that court, and so resorting leads to great confusion and expense.

The bill in chancery of the plaintiff in error was properly dismissed and the decree is affirmed.