## Lavinia Rook, Admx., v. Wirt Rook, Admr.

1. COURTS OF PROBATE—*equitable jurisdiction of.* The equitable jurisdiction of the county and probate courts does not include the power to reform a written instrument under seal, so as to vary or qualify the language used therein, or to declare a deed, absolute upon its face, to be a mortgage.

2. DEED—*how far, may be explained by parol.* While it is true that the terms of a deed cannot be varied by parol evidence of any antecedent or concurrent verbal agreement, its recitals as to the consideration are not binding or conclusive upon the parties, but may be explained or contradicted by parol or other evidence *aliunde* the deed. Also, it is competent in an action to recover for breach of covenant, to show, for the purpose of mitigating the damages, that the part of the land conveyed, to which the grantor had no title, was included in the deed by mistake, and that no consideration was paid for it.

3. MEASURE OF DAMAGES—*in an action for breach of covenant of warranty deed.* Where the grantee in a warranty deed is compelled to defend his title, he is entitled to recover the sum of money paid out in such defense, notwithstanding in an action for breach of the covenant, he is entitled only to nominal damages.

Appeal from the Circuit Court involving the propriety of a claim against a deceased's estate. Appeal from the Circuit Court of Clark County; the Hon. HENRY VAN SELLAR, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed November 9, 1903.

H. C. BELL and H. M. JANNEY, for appellant.

GOLDEN, SCHOLFIELD & BOOTH, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

The evidence in this case tends to prove the following facts: In the year 1885, John Rook was indebted to his brother Thomas in the sum of $1,025, for which he gave his promissory note payable to Lavinia Rook, the wife of said Thomas Rook. To secure the payment of said note, he at the same time executed to said Lavinia a mortgage upon 125½ acres of land. On February 25, 1895, the amount due upon said note, including interest, was the sum of $1,700, and on that day, at the solicitation of Thomas, who was the real owner of said note, John and his wife, by statutory deed, conveyed the mortgaged premises to Thomas, and Lavinia then released the mortgage of record. Thomas took immediate possession of said premises, and he during his lifetime, and after his death his heirs, remained in possession of the same until evicted as hereinafter set forth. The consideration named in the deed was $1,700, being the amount due upon the note, and no other consideration for said conveyance was then or thereafter paid or claimed.

Subsequently, and after the death of both Thomas and John, a bill for partition was filed in the Circuit Court of Clark County, by one Charles Rook, who claimed paramount title to an undivided one-half interest in said land. The widow and heirs of Thomas employed attorneys and defended against said claim, but were finally, by decree of said court, evicted from one-half of said premises.

Appellant, who was the administratrix of the estate of Thomas, thereupon filed in the County Court of Clark County, a claim against the estate of John for the sum of $1,118.55, being one-half of the consideration or purchase money alleged to have been paid for said real estate, to wit, $850, together with the sum of $268.55, expended by her for costs and attorneys' fees in the defense of said partition suit. The County Court allowed the claim in full, and the

defendant administrator appealed to the Circuit Court, where, upon a trial by the court, without a jury, the claim was disallowed, and a judgment entered against the claimant for costs. She thereupon appealed to this court.

It is not denied that the deed in question contained full covenants of warranty, nor that the title to one-half of the land failed and the heirs of Thomas were evicted therefrom. Appellant therefore insists that she, as the representative of the heirs of the grantee, had a right of action to recover one-half of the purchase price of the property attempted to be conveyed, together with all costs and attorneys' fees incurred by her in defending the title, and that the allowance of her claim, which is made up of these items, by the County Court, was proper.

Appellee, on the contrary, contends that Thomas knew at the time of the execution and delivery of both the mortgage and the subsequent warranty deed, that John had title to but an undivided one-half interest in the land, and that there was outstanding paramount title to the other half; that it was not intended by either of them that John was to warrant the title thereto, but that the conveyance was intended simply as a release of the equity of redemption, in satisfaction of the mortgage indebtedness; that the one-half interest to which John had undisputed title was worth, at the time, the full amount due upon the note, and that after having received full value therefor, it would be inequitable to permit a recovery upon the covenants of warranty as to the other half.

He insists that under the equitable powers possessed by the County Court, said court, and the Circuit Court on appeal, should have construed the warranty deed as but a quit-claim or release of the equity of redemption, in conformity to the intention of the parties, and that the Probate Court had equitable power so to hold. While it has been held that county and probate courts may exercise such equitable jurisdiction in the settlement of estates and the allowance of claims, as is adapted to their organization and mode of proceeding, (Shepard v. Speer, 140 Ill. 238,) and

that whenever within the scope of the statutory jurisdiction confided to them, the relief to be administered, the right to be enforced, or the defense to an action properly pending before them, involved the application of equitable principles, their powers are commensurate with the necessity demanding their exercise, whether legal or equitable in their nature, (Woerner on Adm., Sec. 149; Shepard v. Speer, *supra*,) we do not think that this includes the power to reform a written instrument under seal, so as to vary or qualify the language used therein, or to declare a deed, absolute upon its face, to be a mortgage. This power rests exclusively within a court of equity. Lloyd v. Sandusky, 203 Ill. 621. We must therefore treat the conveyance in question as an absolute warranty deed.

The action at bar, however, is not a real action and was not instituted to determine the title to the land conveyed, but is a personal action for damages, and the terms of the deed in question are important only in determining the rights of the parties upon the question as to the measure of damages. While it is the law that the terms of a deed cannot be varied by parol evidence of any antecedent or concurrent verbal agreement, its recitals as to the consideration are not binding or conclusive upon the parties, but may be explained or contradicted by parol evidence, or other evidence, *aliunde* the deed.

Parol evidence is admissible in actions on the covenant for seizin, to show the actual consideration paid to have been greater or less than that expressed in the deed, for the purpose of increasing or diminishing the damages. Lloyd v. Sandusky, 203 Ill. 621. It is also admissible to show, in reduction of damages, that the part of the land conveyed to which the grantor had no title, was included in the deed by mistake and that no consideration was paid for it. Such evidence is admissible, however, solely in mitigation of damages and not for the purpose of negativing a breach of the covenant. Lloyd v. Sandusky, *supra*. "The measure of damages for breach of a covenant in a deed is what the party actually lost by the breach, and if the title has

wholly failed, then the whole of the purchase money, with interest, is the measure of damages, and if the title has partially failed, and the consideration was paid as a whole, then the measure of damages is the proportion in value that the land to which title failed, bears to the whole land; or if the consideration was servable as to the various tracts, and the title failed as to one of those tracts, then the measure of damages was the price paid for the particular tract with interest." Lloyd v. Sandusky, *supra*. If, therefore, the evidence establishes the contention of appellee that Thomas knew at the time of the conveyance to him that John had title to but an undivided one-half interest in the land, and that there was outstanding title to the other half, and that it was not intended by either that John was to warrant the title, and that the conveyance was made solely to release or quit-claim the equity of redemption, that the purchase price was fixed with that fact in view, and that as a matter of fact nothing was paid or intended to be paid for such outstanding undivided interest, appellant's damages would be nominal only. The greater weight of the evidence shows that the value of the land when conveyed was $3,750, and it is admitted that the consideration paid was $1,700. It is further admitted that Thomas and his heirs, ever since the eviction referred to, have been in possession of at least one-half of the premises.

From a careful review of the evidence, we are satisfied that appellee's contention is correct. The mortgage was given in 1885 and the deed in 1895. Charles Rook, the owner of the outstanding title referred to, testified that the same was conveyed to him in 1877, and that the deed was placed of record. The evidence tends further to show that at the time of the conveyance, John was ailing both physically and mentally, and that the deed was executed under threats by Thomas to foreclose the mortgage. Margaret Rook, the wife of Charles Rook, testified that in a conversation with Thomas in 1892, he admitted knowing of her husband's interest in the land. The holder of the out-

standing title was a brother of Thomas and John, and it seems to us highly improbable that neither John nor Thomas were aware of its existence, and that John would convey and warrant land, over twice the value of the mortgage indebtedness, in satisfaction of the same.

We think, however, that appellant is entitled to recover, in addition to nominal damages, the sum paid out in defense of the title. As we have said, while it is competent to show by evidence, *aliunde* the deed, that the consideration paid was for but an one-half interest in the land, such evidence is inadmissible to negative the covenant. We are therefore of opinion that the claim should be allowed in the sum of $268.55, which it is admitted was expended by appellant in payment of attorney's fees and costs in defending the partition suit.

The judgment will be reversed and the cause remanded for further proceedings consistent with the views herein expressed.

*Reversed and remanded.*