R. B. SINNICKSON, Appellee, *vs.* JOHN A. PERKINS, Admr. Appellant.

*Opinion filed December 17, 1907.*

1. EXECUTORS AND ADMINISTRATORS—*a judgment allowing claim imports verity.* A judgment of the county court allowing a claim against an estate imports verity, and it cannot, in the absence of fraud or collusion, be impeached by the administrator or the heirs, so far as it affects personal property, although payment or part payment, since its rendition, may be shown.

2. GUARANTY—*the guarantor's liability is fixed by the terms of the guaranty.* Where a promissory note is guaranteed, in severalty, by a number of persons, each of whom agrees to pay a fixed amount, the liability of the guarantors must be determined by the

terms of the guaranty; and the fact that the written guaranty on other notes delivered at the same time contains a provision for *pro rata* indemnity to the guarantors which is not in the guaranty in question in a suit at law does not authorize the court to incorporate such provision.

3. SAME—*guarantor's liability exists until note is paid in full.* Where the guarantors of a promissory note agree, in severalty, to pay a fixed sum in case of the maker's default, the liability of the guarantors to pay such sums exists until the note is paid in full, and in a proceeding against the estate of one of the guarantors to allow a claim based upon such guaranty the question of contribution as between the several guarantors cannot be raised.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Effingham county; the Hon. S. L. DWIGHT, Judge, presiding.

R. C. HARRAH, and W. B. WRIGHT, for appellant.

W. S. HOLMES, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

The appellee, R. B. Sinnickson, on the 28th day of January, 1904, presented a claim against the estate of William J. Perkins, deceased, to the county court of Effingham county, for the sum of $514.05. The claim was on February 1, 1904, allowed for the sum of $315, and the same not having been paid, the appellee, on the 25th day of December, 1905, presented a petition to said county court for a citation against the appellant, John A. Perkins, as administrator of the estate of William J. Perkins, deceased, asking that the said administrator be required to show why he had not paid said claim as allowed. The appellant reported that he had paid all claims allowed against said estate, including the costs of administration, except that of appellee, and that he had on hand the sum of $944.82 belonging to

said estate, and stated that the claim of appellee was based upon the guaranty of William J. Perkins upon a promissory note for the sum of $20,700, which promissory note and guaranty were in the following form:

"$20,700.            EFFINGHAM, ILLINOIS, *November 10, 1896.*

"For value received, I promise to pay to R. B. Sinnickson the sum of twenty thousand seven hundred dollars ($20,700), with seven .per cent annual interest from January 1, 1897, payable at Eversman, Wood & Engbring's, Effingham, Ill., in five equal annual installments, commencing January 1, 1898, with the option of paying $50 at any time after date.            S. F. GILMORE."

On the back of which was the following endorsement:

"EFFINGHAM, ILLINOIS, *November 10, 1896.*

"In consideration of the acceptance of the within note of S. F. Gilmore, bearing even date herewith, by R. B. Sinnickson, we severally agree that if the said Gilmore shall fail to pay the same as the installments mature, that we will each pay to the said Sinnickson the amount of three hundred forty-five dollars ($345), with seven per cent annual interest from January 1, 1897, the same to be paid only in installments as they mature, according to the said note of the said Gilmore; and it is expressly understood that the liability, which is several and not joint, of either of the subscribers hereto, shall in no event exceed the said sum of $345, as above stated, and payable in five equal installments, commencing January 1, 1898; and it is further understood that if the number of persons. executing this agreement shall exceed sixty, then the individual liability of each shall be only the amount of said note of said Gilmore divided by the number of signatures thereto."

—that the true amount of said promissory note was the sum of $16,947.76, and that since said claim had been allowed by said county court against said estate a large sum of money had been paid to the holder of said note by certain trustees appointed by the maker of said promissory note at the time it was executed, from the sale of real estate conveyed to them in trust by the maker of said promissory note to indemnify said William J. Perkins and the other guarantors on said promissory note from loss by reason of their having guaranteed said promissory note, and that each of said guarantors, including the Perkins estate, was entitled to a credit upon the amount guaranteed by him

upon said promissory note of his *pro rata* share of the proceeds arising from said trust property, which credit, if allowed, would leave the amount due upon said judgment less than $50, which amount, when definitely determined, the appellant offered to pay in full satisfaction of the judgment of the appellee against said estate. Objections were filed by the appellee to said administrator's report, and the county court found that there remained due upon the judgment of appellee against said estate, after crediting the estate with its *pro rata* share of said trust property, the sum of $211.55, and ordered the appellant to pay to the appellee that amount in full satisfaction of his judgment. The parties both prosecuted an appeal to the circuit court of said county, which court found there was due upon said judgment, after allowing all proper credits, only the sum of $58.93, and ordered that amount to be paid by appellant to appellee in full satisfaction of said judgment. R. B. Sinnickson prosecuted an appeal to the Appellate Court for the Fourth District, where the judgment of the circuit court was reversed and the cause was remanded to that court, with directions to sustain the objections of the appellee to the report of appellant as administrator of said estate, and a certificate of importance having been granted, a further appeal has been prosecuted by the administrator to this court.

The judgment of appellee in the county court against the estate of William J. Perkins, deceased, imports verity, and cannot be impeached or set aside by the administrator or the heir, in the absence of fraud or collusion in its rendition, so far as it affects personal property. (*Ward* v. *Durham,* 134 Ill. 195; *Ford* v. *First Nat. Bank,* 201 id. 120.) If, however, since the allowance of said claim it has been paid in whole or in part, the county court would not direct the administrator to pay it again. (*Shepard* v. *Speer,* 140 Ill. 238; *Ames* v. *Ames,* 148 id. 321; *Schlink* v. *Maxton,* 153 id. 447.) The controlling question, therefore, to be

decided in this case by this court is, is the appellant entitled to have credited upon said judgment the amount which has been paid upon said promissory note arising from the sale of said trust property?

It appears from the evidence that after applying upon said promissory note the proceeds of said trust property and the amounts received from other guarantors there remained due upon said promissory note the sum of $3432.18. The trust deed given by the maker of said promissory note to secure the payment of said promissory note or to indemnify the guarantors of said promissory note is not incorporated in the record. We are therefore not advised as to its terms. The appellant introduced parol evidence with a view to show that the guarantors of said promissory note, who were fifty-eight in number, were to share *pro rata* in the proceeds of said trust property, so far as it was necessary to protect them against their guaranty. This evidence, we think, was incompetent, as the guaranty, being in writing, must speak for itself.

The evidence tended to show that it was the original expectation that there would be sixty guarantors upon said promissory note, each of whom was to severally guarantee the payment of $345 of said promissory note and no more, and that only fifty-eight persons signed said guaranty, and that six additional promissory notes in lieu of the other two guarantors, for the sum of $115 each, were given, the payment of which was guaranteed, and that in the guaranty written upon each of said six promissory notes it was expressly provided that said guarantors should share *pro rata* in all sums that were received from said trust property, and as said six promissory notes were delivered at the same time as the $20,700 promissory note, it is contended that the execution and delivery of said promissory notes should be treated as one transaction and be construed together, and that the provision in regard to sharing *pro rata* in said trust property, found upon the six $115 promissory notes, should

be read into the guaranty upon the $20,700 note. We can not accede to this proposition. If that provision was inadvertently omitted from the guaranty upon the $20,700 note a court of equity might afford relief on the ground of mistake, but such relief cannot be obtained in a court of law.

We are therefore of the opinion that the liability of William J. Perkins, and the right of his estate to be credited upon his guaranty with any portion of said trust property until the said note is fully paid and satisfied, must be determined from the guaranty signed by him and found upon the back of said $20,700 note, and from that writing we think that each guarantor bound himself to pay to the holder of said note, in case the maker thereof failed to pay, the sum of $345. There, of course, could be but one satisfaction of said note, and if it was paid by the maker thereof, or from the proceeds of trust property mortgaged to secure its payment, the guarantors would be released, but clearly they were not released as guarantors until the promissory note was paid in full. If one guarantor paid the amount for which he had bound himself, in full, and another paid nothing, while others paid only a part of the amount which they had guaranteed to pay, the question of the right of contribution between said guarantors could not be raised in this proceeding, as the liability of the guarantors other than the estate of William J. Perkins, deceased, is not now before this court.

We therefore conclude that the Appellate Court was right in holding that the estate of William J. Perkins, deceased, which had paid nothing, was liable to pay the judgment of the county court which was rendered against it on January 28, 1904, with lawful interest thereon, as much more than that amount remained due and unpaid upon said $20,700 promissory note at the time objections were filed to the administrator's report in the county court.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*