(No. 19254.— )
THE BACH BRICK COMPANY, Appellant, *vs.* THE CITY OF CHICAGO, Appellee.

*Opinion filed April 20, 1929—Rehearing denied June 7, 1929.*

A. D. GASH, for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, (E. MAR-SHALL AMBERG, MICHAEL L. ROSINIA, and ROY S. GAS-KILL, of counsel,) for appellee.

Mr. CHIEF JUSTICE DEYOUNG delivered the opinion of the court:

The Bach Brick Company, an Illinois corporation, brought an action in ejectment in the superior court of Cook county against the city of Chicago. The defendant's plea was the general issue. The cause was heard by the court without a jury, and judgment was rendered finding the defendant not guilty. The plaintiff prosecutes this appeal.

On March 31, 1920, appellant, the Bach Brick Company, owned a certain tract of land in the city of Chicago. Appellant was engaged in the manufacture of brick and took clay from its land for that purpose. The city required an easement over appellant's land to enable it to construct a public sewer through the land, and an ordinance theretofore passed authorized the acquisition of the easement by condemnation proceedings. Negotiations between officers of the city and the brick company followed, which resulted in a deed dated the day mentioned, by which appellant granted to the city in perpetuity "an easement in and the right, privilege and authority to construct a sewer of proper size, with the right of access thereto, upon and under a strip of land" thirty-three feet wide, constituting a part of the grantor's land. The city was also granted the right to maintain, clean, repair, alter and operate the sewer and to regulate the connections therewith. The grantor reserved the right to make such connections in accordance with the rules and regulations of the sewer department of the city and to use the surface of the strip of land for any purpose not inconsistent with the rights and privileges granted to the city. Appellant by the deed acknowledged the receipt from the grantee of one dollar and other valuable considerations. The deed was executed in the name and on behalf of appellant by its president, and the corporate seal was affixed and attested by its secretary. Both of these officers acknowledged the execution of the deed, and the certificate of acknowledgment recited that they executed the instrument pursuant to authority given by the board of directors. The by-laws of the grantor were silent with respect to the power or authority of the president and secretary to convey the corporation's land or an interest in it. Appellant paid the taxes levied upon the tract of land subjected to the easement.

Appellant contends that, since it was organized to manufacture brick and not to sell real estate, the granting of an easement over its land was not an act done in pursuance

of the object for which it was created, and for that reason could not be assumed to be within the apparent scope of the authority of the president and secretary but required affirmative authorization by the board of directors or stockholders. The land in question was held by appellant as a private proprietor and not for public uses, and it might therefore be taken under the power of eminent domain the same as if owned by an individual. (3 Dillon on Mun. Corp.—5th ed.—sec. 1019, p. 1612.) By the general law under which appellant was organized, the grant or conveyance of an easement over or across its land might be authorized. A deed purporting to have been executed by a corporation, which bears its seal and is signed by its officers or agents, will be presumed to have been executed by its authority. (*Jacksonville-Mayport-Pablo Railway and Navigation Co.* v. *Hooper,* 160 U. S. 514; *Sawyer* v. *Cox,* 63 Ill. 130; *Phillips* v. *Coffee,* 17 id. 154.) The presumption is not overcome by the mere failure to show an affirmative vote by the directors or other body exercising the corporate authority, authorizing the seal to be affixed. Recitals are *prima facie* sufficient to establish the fact. (14*a* Corpus Juris, 535.)

Appellant sought to show that the consideration mentioned in the deed had not been paid by the city, but the proffered evidence was excluded, and complaint is made of the court's ruling. In an action at law a sealed instrument cannot be impeached for fraud which extends only to the consideration and does not inhere in the execution of the instrument itself. (*George* v. *Tate,* 102 U. S. 564; *Hartley* v. *Chicago and Alton Railroad Co.* 214 Ill. 78; *Papke* v. *Hammond Co.* 192 id. 631.) Fraud in the procurement of a deed,—*e. g.,* that it was executed upon the belief that it was another instrument or that it was misread and its contents falsely stated,—may be proved in an action of ejectment, but the consideration for the deed is not open

to inquiry in such an action. (*Escherick* v. *Traver*, 65 Ill. 379.) There is no pretense that fraud or misrepresentation induced appellant's officers to execute the deed in question or that they did not understand its nature and purpose. The trial court's ruling was correct.

It is further contended by appellant that the deed was inoperative because the numbers of the section, township and range were omitted from the description of the land over which the easement was granted. The deed contained a preamble, in which the complete legal description of the land was set forth. This description was definite and identified the land with certainty. Reference was made to this description in the body of the deed. Repetition of the section, township and range numbers was therefore unnecessary, and the deed was clearly operative. *Brenneman* v. *Dillon,* 296 Ill. 140; *Patterson* v. *McClenathan,* 296 id. 475; *Colcord* v. *Alexander,* 67 id. 581.

Appellant invokes as a bar to the assertion of appellee's easement, section 6 of the Limitations act, (Cahill's Stat. 1927, p. 1606; Smith's Stat. 1927, p. 1743; ) which provides that every person in the actual possession of land under claim and color of title made in good faith, who shall for seven successive years continue in such possession and pay all taxes legally assessed on the land, shall be held and adjudged to be its legal owner to the extent and according to the purport of his paper title. Section 8 of the same act expressly provides that the sixth section shall not extend to lands held for any public purpose. It was for such a purpose that the city acquired and held the easement, and obviously section 6 has no application to this case.

The judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*