In re Estate of Frank B. Klock, Deceased.
Harold F. Klock, Appellee, v. Glena Wooton Klock,
Appellant.

Gen. No. 38,235.

Opinion

filed November 12, 1935.

SAMUEL SPITZER and HENRY N. SHABSIN, of Oak Park, for appellant.

CAMPBELL, CLITHERO & FISCHER, of Chicago, for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

Glena Wooton Klock (hereafter called respondent) widow of Frank B. Klock, deceased, applied for and received letters of administration of her husband's estate; subsequently Harold F. Klock, a son of the deceased by a prior marriage, filed his petition asking that the order granting letters testamentary to the respondent be revoked and set aside; she filed an answer to this petition; the probate court vacated and expunged the order granting the respondent letters; she appealed to the circuit court and there filed her amended answer to the petition; on motion, the circuit court struck the amended answer on the ground that the probate court was without jurisdiction to adjudicate the matters put in issue by the petition and the amended answer; respondent elected to stand upon her amended answer and the petition was taken as confessed and the letters granted to her were revoked and letters of administration were granted to the petitioner, Harold F. Klock. Respondent appeals from that order to this court.

The petition was based upon an antenuptial agreement made between Frank B. Klock and Glena Wooton —respondent's name before marriage—in which each of the parties relinquished all rights in the estate of the other. Respondent's amended answer asserted that her signature to this antenuptial agreement was procured by fraud and hence was invalid. The question presented is whether the probate court of Cook county, in the exercise of its jurisdiction in the administration of decedent's estate, had jurisdiction to pass upon the validity of the antenuptial agreement, the execution of which by respondent was alleged to have been obtained by fraud.

The particular fraud alleged is a statement of the extent of deceased's property contained in the agreement, said to be untrue. Respondent alleges in her amended answer that on the day of the marriage, about half an hour prior to the marriage ceremony, Frank B. Klock presented to her for execution the antenuptial agreement, which is set forth in the petition of Harold F. Klock; thereupon both parties signed the agreement and the marriage ceremony was performed a half hour thereafter. She asserted that this agreement was prepared by the attorneys representing Frank B. Klock; that she never before this time had seen the agreement although there had been a discussion some time prior with reference to such an agreement; that she signed the agreement in complete reliance upon the fairness and truthfulness of the statements in the agreement. The agreement states that the market value of the property of Frank B. Klock was approximately $300,000. It was provided that respondent should receive payment of not less than $100 a month during the life of Frank B. Klock and $400 a month, should she survive him, was to be paid her during the term of her natural life or until she should be married.

In case she survived she agreed to make no claim to any part of decedent's estate, and if any part shall have passed to her by descent she agreed to immediately transfer all such interests; she waived and relinquished all right to dower, homestead and widow's award, and all other rights which might accrue to her by reason of the marital relation.

The amended answer asserts that instead of an estate of approximately $300,000, Frank B. Klock at that time owned property of the value of more than $2,100,000, and therefore the interest in his property provided for in the antenuptial agreement for his surviving spouse was grossly inadequate and disproportionate; that Frank B. Klock had failed to disclose

truly to the respondent the character and amount of his estate, thus perpetrating a fraud upon respondent.

Section 18 of the Administration Act, Ill. State Bar Stats. 1935, ch. 3, ¶ 18, gives the probate court jurisdiction to grant letters of administration where the decedent died intestate, and section 11 gives power to appoint an administrator to collect pending a controversy as to the right to administer an estate. Respondent argues that in addition to these powers the probate court has jurisdiction to declare an antenuptial agreement obtained through fraudulent means to be ineffective and not binding, citing *Kroell v. Kroell,* 219 Ill. 105. That case involved the question as to the sufficiency of an antenuptial contract to release a widow's award. The opinion states that "all charges of fraud were eliminated." The Supreme Court therefore had before it simply a question of law involving a construction of the antenuptial contract. No question of fraud was involved. *Edwards v. Martin,* 39 Ill. App. 145, involved the construction of an antenuptial contract, the opinion saying that "The only thing before us, then, is to determine whether by the terms of the contract appellee waived any and all right to any portion of her husband's estate." *Williams v. McKeene,* 193 Ill. App. 615, is cited by respondent; but that case involved, primarily, the question of the validity of a marriage. In her reply brief respondent says that the case *In re Estate of Cover,* 188 Cal. 133, is on all fours with the case at bar. There the validity of an antenuptial agreement was questioned. The opinion in that case shows that the matter was heard in the superior court of California, which, by the constitution of that State, was given original jurisdiction of various classes of actions and special proceedings and all matters of probate. The matter was heard by a jury in the superior court, sitting in probate, and it was held that the superior court while sitting in matters of probate is the same as it is while sitting in equity.

As opposed to this position the petitioner cites a number of cases which hold that a sealed instrument, such as this is, cannot be impeached for fraud except where a court of equity has been invoked to set it aside for such fraud; that the only exception to this is where fraud is in the execution of the instrument, where, by some trick or device, one is induced to sign an instrument which he did not intend to execute. *Jackson v. Security Mut. Life Ins. Co.,* 233 Ill. 161; *Woodbury v. United States Casualty Co.,* 284 Ill. 227; *Bach Brick Co. v. City of Chicago,* 335 Ill. 101. *Rook v. Rook,* 111 Ill. App. 398, involved the question whether the probate court had jurisdiction to declare a deed absolute upon its face to be a mortgage. The court said:

"While it has been held that county and probate courts may exercise such equitable jurisdiction in the settlement of estates and the allowance of claims, as is adapted to their organization and mode of proceeding, (*Shepard v. Speer,* 140 Ill. 238) and that whenever within the scope of the statutory jurisdiction confided to them, the relief to be administered, the right to be enforced, or the defense to an action properly pending before them, involved the application of equitable principles, their powers are commensurate with the necessity demanding their exercise, whether legal or equitable in their nature, (Woerner on Adm., Sec. 149; *Shepard v. Speer, supra*) we do not think that this includes the power to reform a written instrument under seal, so as to vary or qualify the language used therein, or to declare a deed, absolute upon its face, to be a mortgage. This power rests exclusively within a court of equity. *Lloyd v. Sandusky,* 203 Ill. 621."

The recent case of *Howard v. Swift,* 356 Ill. 80, involved certain claims against an estate arising out of alleged fraudulent actions of directors of a company, one of which was the decedent. The probate court dismissed the suit on the ground of want of jurisdiction.

The Supreme Court affirmed this judgment, saying:

"The probate court, by virtue of the constitution, is therefore not a court of general jurisdiction, but its jurisdiction is circumscribed and restrained by the constitution. Any legislative acts which attempt to extend such jurisdiction beyond that conferred by the constitution are violative of the constitution. Such court has no general equitable jurisdiction but can only exercise equitable power within the zone conferred by the constitution."

In *Hannah v. Meinshausen,* 299 Ill. 525, it was again said that probate courts are not courts of general chancery jurisdiction but may exercise only such chancery powers as may be within the limits of the jurisdiction conferred by the constitution, namely, the settlement of estates of deceased persons, appointment of guardians, etc. *Gooch v. Suhor,* 121 Va. 35, involved a question very similar to that before us. A brother of the decedent, Gooch, was appointed administrator; Mrs. Suhor applied for appointment as administratrix, asserting that a marriage contract which negatived her appointment had been procured by fraudulent representations and concealment and was therefore void; her prayer for appointment was denied and she appealed to the Supreme Court. It was held that the probate court had no general equitable jurisdiction and had no power to pass upon the validity of the agreement; that the appropriate procedure was in equity. *Maurer v. Naill,* 5 Md. 324, involved a similar question. Because of an antenuptial contract the widow's application for letters of administration was denied. Other cases also so holding are *Estate of Walker,* 169 Cal. 400; *Ward v. Thompson,* 6 Gill & Johnson's (Md.) 349; *Charles v. Charles,* 49 Va. 486.

The order striking respondent's answer is not an adjudication as to the validity of the antenuptial agreement. In *Buerger v. Buerger,* 317 Ill. 401, various orders were entered and proceedings had in the pro-

bate court in the usual administration of estates, all of which were affirmed by the circuit, Appellate and Supreme Courts. A bill was filed contesting the will. It was argued that the proceedings in the probate and circuit courts were *res adjudicata.* The Supreme Court held to the contrary, saying that the probate proceedings merely made a *prima facie* case so that the estate may be cared for and the administration proceed, reserving the right to any interested person to contest the validity of the will.

In the instant case the record shows that respondent has filed her bill of complaint in chancery in the circuit court of Cook county, seeking to set aside the antenuptial agreement, in which bill she alleges under oath that "the Probate Court of Cook County, Illinois, is without jurisdiction to adjudicate the invalidity of said agreement,"—referring to the antenuptial agreement.

We hold that the probate court was without jurisdiction to test the validity of this agreement.

It is suggested by the petitioner that the probate court could properly revoke the letters of administration issued to her on the ground that they were procured by false pretenses. Section 26 of the Administration Act, Ill. State Bar Stats. 1935, ch. 3, ¶ 27, provides that letters of administration may be revoked where they are granted upon false pretenses. In her petition for letters she stated under oath that the value of the decedent's estate did not exceed $5,000, and her bond in the sum of $10,000 was accepted in reliance upon this statement. Subsequently she asserted more than once under oath that the value of the estate was at least $1,500,000. The probate court might well have considered this in revoking the letters issued to the respondent.

For the reasons indicated we hold that the order of the circuit court is proper and it is affirmed.

*Affirmed.*