Mary Voegel, Plaintiff-Appellant, v. The Central National Bank of Mattoon, Illinois, Executor of the Last Will of John Voegel, Deceased, et al., Defendants-Appellees.

**Gen. No. 10,308.**

Third District.
October 20, 1960.

Kenneth A. Green and Thomas J. Logue, of Mattoon, for appellant.

J. E. Horsley and James S. Parker, of Craig and Craig, of Mattoon, for appellees.

CARROLL, PRESIDING JUSTICE.

Plaintiff, in this action, prays judgment declaring a post-nuptial agreement between plaintiff and her deceased husband, John Voegel, to be null and void.

The complaint alleges that plaintiff is the widow of John Voegel who died testate on July 19, 1959; that on August 31, 1959, his Will was admitted to probate by the County Court of Moultrie County; that The Central National Bank of Mattoon was appointed executor of said Will; that on August 31, 1959, plaintiff filed her renunciation of the Will in the County Court and a petition asking that she be allowed a widow's award and that homestead be set off to her; that on the same date the executor filed a post-nuptial agree-

ment between plaintiff and the deceased, purporting to bar plaintiff from sharing in her husband's estate.

The grounds relied upon for relief as set out in the complaint are substantially that there was a failure of consideration for the agreement; that the same was procured by fraudulent means and methods; that it attempted to relieve the husband of his obligation to support his wife; and that said agreement was against public policy and therefore null and void. The prayer of the complaint is that the post-nuptial agreement be declared null and void and that defendants be enjoined from enforcing the same. Since the sufficiency of the complaint allegations are not involved, it appears unnecessary to further detail the same.

A motion to dismiss the complaint was filed by the executor and the other defendants who were the heirs at law of the testator. Grounds urged in the motion are that the estate of John Voegel, deceased, is now pending in the County Court of Moultrie County; that Section 175, Chap. 37, Illinois Revised Statutes, provides that county courts shall have jurisdiction in all matters of probate; that the subject matter of plaintiff's complaint is concerned only with matters of the probate and settlement of John Voegel's estate; that the jurisdiction of the County Court of Moultrie County is exclusive in probate matters and that the Circuit Court has no jurisdiction in such matters except by way of appeal.

The court allowed defendant's motion and dismissed the cause. The basis of the dismissal order as indicated therein was a finding that the subject matter of plaintiff's action was pending in the Probate Court and that it is a probate matter which the Probate Court has jurisdiction to determine.

The sole question presented by this appeal is whether the County Court of Moultrie County had jurisdiction to pass upon the validity of the post-

nuptial agreement between the plaintiff and her deceased husband.

The jurisdiction of a county court is defined and restricted by Art. 6, Sec. 18 of the Illinois Constitution. Implementing such constitutional provision is Sec. 175, Chap. 37, Illinois Revised Statutes, 1959, which provides as follows:

> "County courts shall have jurisdiction in all matters of probate, settlements of estates of deceased persons, appointment of guardians and conservators, and settlements of their accounts; all matters relating to apprentices; proceedings for the collection of taxes and assessments; and in proceedings by executors, administrators, guardians and conservators for the sale of real estate for the purposes authorized by law, and such other jurisdiction as is or may be provided by law. All of which, except as hereinafter provided, shall be considered as probate matters."

■ ■ It therefore follows that a county court sitting in probate is not a court of general jurisdiction but that its jurisdiction is limited by the Constitution and any statutory enactment attempting to confer jurisdiction beyond such limitation would be unconstitutional. Howard v. Swift, 356 Ill. 80, 190 N. E. 102. It is also the rule that the probate court has no general equitable jurisdiction but can only exercise equitable power within the zone conferred by Sec. 18, Art. 6, of the Constitution. London & Lancashire Indem. Co. of America v. Tindall, 377 Ill. 308, 36 N.E.2d 334.

■ While probate courts may apply equitable principles in the settlement of estates and allowance of claims where such matters are within the scope of their statutory jurisdiction, such exercise of equitable jurisdiction cannot be held to vest them with general

equitable jurisdiction. Rook v. Rook, 111 Ill. App. 398; Lloyd v. Sandusky, 203 Ill. 621, 68 N. E. 154.

■ ■ In the instant case the complaint alleges that the execution of the post-nuptial agreement was procured by fraudulent means and hence is invalid. The particular acts and circumstances constituting the alleged fraud are also set out in full in the complaint and the sufficiency of such allegations to state a case of fraud has not been challenged. It is thus apparent that the subject matter of plaintiff's action is the validity of a written instrument which plaintiff seeks to have rescinded on the ground of fraud. When plaintiff filed her renunciation and petition for the allowance of a widow's award, the executor presented a post-nuptial agreement executed by plaintiff and the deceased and moved the probate court to strike the renunciation and petition. In a court of law such agreement stands as an unsurmountable obstacle blocking the granting of the relief sought by plaintiff's complaint. Any attempt made in the probate court which is not a court of chancery to remove it by recision could only result in a determination that plaintiff must seek her remedy in a court of equity. If, however, the probate court undertook to adjudicate the merits of plaintiff's claim that the agreement resulted from fraud perpetrated upon her, we think its judgment therein would be void. Jurisdiction to cancel or rescind an instrument on the ground of fraud lies in the circuit court sitting in chancery and not in the probate court which lacks general equitable jurisdiction. Preston v. Spaulding, 120 Ill. 208, 10 N. E. 903.

Almost the identical question presented by this appeal confronted the court in the case of In re Klock's Estate, 282 Ill. App. 245. There the widow was appointed executor. A son of the decedent by

a former marriage filed a petition seeking to remove the widow as executor. The son's petition was based upon an ante-nuptial agreement made between the deceased and petitioner in which each of the parties released all rights in the estate of the other. The widow filed an answer to the petition and the probate court vacated the order granting Letters to the respondent. An appeal was taken to the circuit court. In the circuit court respondent filed an amended answer in which she asserted that her signature to the ante-nuptial agreement was procured by fraud and hence the same was invalid. The circuit court sustained a motion to strike the amended answer and from such order respondent appealed to the appellate court. The appellate court sustained the order striking respondent's amended answer and in its opinion said:

"The question presented is whether the Probate Court of Cook County, in the exercise of its jurisdiction in, the administration of decedent's estate, had jurisdiction to pass upon the validity of the ante-nuptial agreement, the execution of which by respondent was alleged to have been obtained by fraud."

Then the court, after discussing at length the question involved, had this to say:

"Respondent argues . . . that an antenuptial agreement obtained through fraudulent means is ineffective and not binding, citing Kroell v. Kroell, 219 Ill. 105. . . .

"As opposed to this position the petitioner cites a number of cases which hold that a sealed instrument, such as this is, cannot be impeached for fraud except where a court of equity has been invoked to set it aside for such fraud; that the only exception to this is where fraud is in the execution of the instrument,

405

where, by some trick or device, one is induced to sign an instrument which he did not intend to execute. Jackson v. Security Mut. Life Ins. Co., 233 Ill. 161; Woodbury v. United States Casualty Co., 284 Ill. 227; Bach Brick Co. v. City of Chicago, 335 Ill. 101. Rook v. Rook, 111 Ill. App. 398, involved the question whether the probate court had jurisdiction to declare a deed absolute upon its face to be a mortgage. The court said:

" 'While it has been held that county and probate courts may exercise such equitable jurisdiction in the settlement of estates and the allowance of claims, as is adapted to their organization and mode of proceeding, (Shepard v. Speer, 140 Ill. 238) and that whenever within the scope of the statutory jurisdiction confided to them, the relief to be administered, the right to be enforced, or the defense to an action properly pending before them, involved the application of equitable principles, their powers are commensurate with the necessity demanding their exercise, whether legal or equitable in their nature, (Woerner on Adm., Sec. 149; Shepard v. Speer, supra) we do not think that this includes the power to reform a written instrument under seal, so as to vary or qualify the language used therein, or to declare a deed, absolute upon its face, to be a mortgage. This power rests exclusively within a court of equity. Lloyd v. Sandusky, 203 Ill. 621.'

" . . .

"We hold that the probate court was without jurisdiction to test the validity of this agreement."

Defendants argue that the action of plaintiff in filing her renunciation and petition for a widow's award placed the subject matter of the complaint under the jurisdiction of the county court and that its jurisdiction is exclusive. However, none of the authorities cited by defendants support such proposition and do

no more than emphasize the rule that probate courts do not have general equitable jurisdiction.

The judgment of the Circuit Court is reversed and the cause remanded with directions to overrule the motion to dismiss the complaint and require defendants to answer the same.

Reversed and remanded.

REYNOLDS and ROETH, JJ., concur.